6 A.3d 1002

**Daniel BERG and Sheryl Berg, h/w, Appellants**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, INC., Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 2009.

Decided Oct. 22, 2010.

342

Benjamin Jay Mayerson, Esq., Mayerson Law Offices, P.C., for Berg, h/w, Daniel and Sheryl.

Marc L. Bogutz, Esq., Christie, Pabarue, Mortensen & Young, P.C., Philadelphia, for appellant amicus curiae, Pennsylvania Bar Association.

Nicholas M. Centrella, Esq., Aaron C. Starr, Esq., Conrad O'Brien PC, Philadelphia, for appellant amicus curiae, Philadelphia Bar Association.

Gilbert F. McKnight, IV, Esq., Blue Bell, Michael Richard Nelson, Esq., Nelson, Levine, deLuca & Horst, L.L.C., for Nationwide Mutual Insurance Company, Inc.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

Justice TODD.

In this appeal by allowance, we consider whether an appellant's failure to personally serve on a trial judge a court-ordered statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925, results in waiver of all issues, where the court's order itself does not comply with Rule 1925.[1] For the reasons that follow, we reverse and remand this case for further proceedings.

The relevant procedural history is as follows: In 1998, Appellants, Daniel and Sheryl Berg, filed an action against their automobile insurer, Nationwide Mutual Insurance Company, Inc. ("Nationwide"), for breach of contract, negligence, fraud, civil conspiracy, and violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL")[2] and

1. Also before this Court are a number of supplemental motions, all of which were filed after this Court granted review in the matter, including: (1) an "Application to Supplement the Record" (treated as Application for Leave to File Post–Submission Communication) filed by Nationwide on December 2, 2009; and Appellants' "Response" thereto (treated as Answer to Application to Supplement the Record); (2) an "Amended Application to Supplement the Record" (treated as Leave to Amend Application of 12–02–09) filed by Nationwide on February 11, 2010; Appellants' "Reply" thereto (treated as Answer); Appellants' "Supplemental Reply" thereto (treated as an Application to Amend Answer to Amended Application); and Nationwide's "Answer" to Appellants' "Supplemental Reply" (treated as Answer); and (3) a "Second Amended Application to Supplement the Record" (treated as Leave to Amend Application of 12–02–09) filed by Nationwide on March 2, 2010, and Appellants' "Objection and Reply" thereto (treated as Answer). As the averments contained in these filings are not directly relevant to our disposition, all of the applications are hereby denied.

2. 73 P.S. § 201–2(4)(xxi).

the bad faith statute,[3] arising out of Nationwide's handling of a first-party collision claim made by Appellants. Following a bifurcated trial, on December 17, 2004, a jury returned a verdict in favor of Appellants and against Nationwide in the amount of $295 on Appellants' UTPCPL, fraud, and civil conspiracy claims. On July 10, 2007, however, following a bench trial, the distinguished trial judge, the Honorable Albert A. Stallone, who served as the President Judge of the Berks County Court of Common Pleas from 2000 to 2003, directed a verdict in Nationwide's favor on Appellants' claims for treble damages under the UTPCPL and for punitive damages and attorney fees under the bad faith statute.

On December 28, 2007, Appellants filed a timely appeal to the Superior Court. On January 3, 2008, Judge Stallone issued an order directing Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b) (hereinafter the "1925(b) Statement"). Judge Stallone's order provided:

AND NOW, this 3rd day of January, 2008, it is hereby ORDERED and DECREED that the Appellants shall file with the Court, and a copy with the trial judge, a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days of the issuance of this Order.

Order, 1/3/08.[4]

On January 17, 2008, at approximately 4:14 p.m., counsel for Appellants arrived at the Berks County Prothonotary's Office to file Appellants' 1925(b) Statement. Appellants' Brief at 7.[5]

3. 42 Pa.C.S.A. § 8371.

4. As we will discuss further below, this order failed to include certain language mandated by Rule 1925(b)(3).

5. All of Appellants' assertions regarding what occurred at the prothonotary's office on January 17, 2008 were contained, and sworn and attested to under penalty of perjury, in Appellants' Petition to Modify the Record, discussed *infra*. This Court has the utmost trust in and respect for the lawyers who appear before us, as they are officers of the court, and we accord them the benefit of accepting their factual representations unless such representations are contradicted by the record. Moreover, although there is much dispute regarding the issue

Counsel had three copies of the 1925(b) Statement time-stamped: one for the prothonotary; one for counsel's file; and one for the trial judge. *Id.* Appellants' counsel avers that he did not know the precise location of Judge Stallone's chambers because Judge Stallone was on senior status and thus had no permanent assignment of a chambers or courtroom; accordingly, Appellants' counsel asked the prothonotary for the location of Judge Stallone's chambers so that he could personally deliver the judge's copy of the 1925(b) Statement. *Id.* The prothonotary declined to specify a location where Judge Stallone could be found, and, instead, advised Appellants' counsel that the judge wanted only the "original" statement; that the judge was expecting the 1925(b) Statement; and that the prothonotary would deliver within ten minutes the 1925(b) Statement to the judge, who, it seems, was secreted away in the bowels of the Berks County Courthouse. *Id.* According to Appellants' counsel, the prothonotary refused to accept more than one time-stamped copy of the 1925(b) Statement, continually insisting that the "Court always wants 'the original.'" Appellants' Petition to Modify the Record, 3/27/08, at 4.

On March 14, 2008, Judge Stallone filed a Statement in Lieu of Memorandum Opinion in which he stated that he had not been served with Appellants' 1925(b) Statement, and concluded that, as a result, all of Appellants' issues on appeal were waived and their appeal should be quashed. On March 27, 2008, Appellants filed a Petition to Modify the Record, seeking to introduce into the record a recitation of the events that transpired in the prothonotary's office on January 17, 2008, and to establish that Judge Stallone received Appellants' 1925(b) Statement minutes after it had been filed. On April 11, 2008, Judge Stallone filed a Supplemental Statement in Lieu of Memorandum Opinion, denying Appellants' Petition to Modify the Record, and stating "it was the responsibility of the Bergs, and not the Prothonotary, to serve a copy of the Concise Statement upon the trial judge." Supplemental

of whether and/or when Judge Stallone actually received a copy of Appellants' 1925(b) Statement, there have been no allegations that Appellants' counsel's representation of the events of January 17, 2008 is inaccurate.

Statement in Lieu of Memorandum Opinion, 4/11/08, at 4. Judge Stallone maintained that "[t]o date, the trial judge has never been served and, therefore, never actually received a copy of the Concise Statement from [Appellants], as required by this Court's January 3, 2008 Order," *id.* at 3, and again concluded Appellants had waived their appellate issues by failing to "serve a copy of their Concise Statement upon the trial judge either in person or by mail." *Id.* at 4. Judge Stallone did not address Appellants' contentions in their Petition to Modify the Record that the prothonotary declined to provide a location at which he could be found and refused to accept more than the one original copy of Appellants' 1925(b) Statement.

On November 12, 2008, the Superior Court affirmed the trial court's order on the basis that, by failing to serve the trial judge with a copy of their 1925(b) Statement, Appellants waived all issues on appeal. Subsequently, Appellants sought allowance of appeal with this Court, and, on August 19, 2009, we granted allowance of appeal as to the following issues:

1. Whether the Superior Court erred in finding waiver of all appellate issues for failing to serve the trial judge with a Statement of Errors Complained Of, pursuant to Appellate Rule 1925(b), when the trial judge's order directing a Statement of Errors to be filed, failed to include language mandated by paragraphs (b)(3)(iii) and (iv) of Appellate Rule 1925(b)?

2. Whether the Superior Court erred in finding waiver of all appellate issues for failing to provide the trial judge with personal service of the timely-filed Statement of Errors, when [Appellants] complied with the actual wording of the trial judge['s] Rule 1925(b) Order, which directed [Appellants] to file the Statement of Errors "with the Court, and a copy with the trial judge," and when the trial judge in fact received the Statement of Errors contemporaneously with its filing?

*Berg v. Nationwide,* 602 Pa. 204, 979 A.2d 844 (2009). Oral

argument was held on December 2, 2009.[6]

We accepted allocatur in this case not to address factual disputes between the parties, but to consider the global legal issue regarding the impact of a trial court's arguably deficient Pa.R.A.P. 1925(a) order on the determination of an appellant's compliance and/or waiver of issues under Rule 1925(b). As that issue involves questions of law, our review is plenary. *Commonwealth v. Hess,* 570 Pa. 610, 614, 810 A.2d 1249, 1252 (2002). Rule 1925 was substantially amended in 2007; the version of Rule 1925 in effect at the time of the trial court's order provided, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service form in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may

**6.** Also on December 2, 2009, Nationwide filed its first application to supplement the record, triggering an onslaught of filings and correspondence among the parties and the trial judge. *See supra* note 1.

allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) *Requirements; waiver.*

\*      \*      \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b) (emphasis added).[7]

■ Appellants offer several reasons why the Superior Court erred in holding their failure to effectuate personal service upon the trial judge of a copy of their 1925(b) Statement resulted in waiver of their claims on appeal. First, Appellants contend that they complied with "the express terms of the trial judge's abbreviated Rule 1925(b) Order," Appellants' Brief at 20, which instructed them to "file with the Court, and a copy with the trial judge," a 1925(b) Statement.

Second, Appellants aver they complied with Rule 1925(b)(1)'s requirement that the 1925(b) statement be served on the trial judge because Rule 1925(b)(1) provides that service shall be "in person," and Pa.R.A.P. 121(c) indicates that service may be made "by personal service, which includes

7. The effective date of the 2007 amendments was July 25, 2007. Rule 1925 was amended again on January 13, 2009, but those amendments pertained only to children's fast track appeals, *see* Pa.R.A.P. 1925(a)(2), and the manner of filing and service by mail, *see* Pa.R.A.P. 1925(b)(1), and are not relevant to the instant case.

delivery of the copy to a clerk or other responsible person at the office of the person served." Appellants maintain that, because the only address available for Judge Stallone was the address of the Berks County Courthouse at 633 Court Street, and because the prothonotary's office is a part of the courthouse, they properly served Judge Stallone by delivering a copy of their 1925(b) Statement to the prothonotary, "a responsible person." Appellants' Brief at 19.

Third, Appellants argue that, even if their compliance with Rule 1925(b) was "imperfect," Appellants' Brief at 15, they should not be subjected to the harsh penalty of waiver when the true purpose of Rule 1925(b) was satisfied because Judge Stallone obviously had received their 1925(b) statement, as evidenced by his attachment of the same as an exhibit to his Statement in Lieu of Memorandum Opinion, and because the trial court itself failed to comply with the requirements of Rule 1925(b). In this regard, Appellants point out that Judge Stallone's order (1) failed to specify that the 1925(b) statement must be *served* on the trial judge, as required under Rule 1925(b)(3)(iii); and (2) failed to provide notice that any issues not included in the 1925(b) statement are waived, as required under Rule 1925(b)(3)(vii).[8]

Nationwide, conversely, argues that the trial court's failure to include in its Rule 1925(a) order the language required under subsections (b)(3)(iii) and (iv) does not excuse Appellants' failure to personally serve their 1925(b) Statement on the trial judge because: (1) Appellants were made fully aware of their obligation "to file a copy of [their Rule 1925(b) statement] with the trial court judge," Nationwide's Brief at 6; and (2) Appellants cannot claim they were prejudiced by the use of the word "file" instead of "serve," as their counsel's

8. The Pennsylvania Bar Association and the Philadelphia Bar Association have filed a joint amicus brief in support of Appellants. Specifically, amici opine that the Superior Court's finding of waiver in the instant case is "inappropriately harsh," Amicus Brief at 2, where, *inter alia,* Appellants timely filed their 1925(b) statement in accordance with the trial court's order, and Appellants' failure to serve the trial judge personally, which resulted from the prothonotary's refusal to advise them of the trial judge's location, would not have impeded appellate review.

attempt to personally serve the trial judge with a copy of their 1925(b) Statement is evidence of their knowledge that personal service was required. Nationwide claims that Appellants relied, at their peril, on the prothonotary's assurances that their original 1925(b) Statement would be delivered to the trial judge, and notes that Appellants could have avoided any such reliance by serving the trial judge by mail. Nationwide urges this Court to apply the bright-line, automatic waiver rule set forth in *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). Upon review, we find merit to Appellants' first and third arguments, and, therefore, hold that the issues raised in their 1925(b) Statement are not waived. Accordingly, we do not reach Appellants' second argument regarding whether the prothonotary is a "responsible person" for purposes of personal service upon a trial judge.[9]

With regard to Appellants' first argument,[10] we note that, in determining whether an appellant has waived his issues on

9. While we do not find it necessary to rely on Appellants' second argument as a basis for disposition, we are compelled to address the position espoused by Justice Eakin in his Concurring Opinion, namely, that Appellants *served* the trial judge by *filing* a copy of their Rule 1925(b) statement with the prothonotary. Concurring Opinion at 360, 6 A.3d at 1014. Although Rule 1925(b)(1) provides that "[f]iling of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a)," Rule 121(a) states that papers required to be *filed* in an appellate court shall be filed with the prothonotary; Rule 121(a) does not suggest that *personal service* upon a trial judge may be accomplished in the same manner. Rather, it is Rule 121(c) that addresses the manner of service. To the extent Justice Eakin suggests that, in leaving a copy of their Rule 1925(b) statement with the prothonotary, Appellants complied with Rule 121(c), we strongly question whether the prothonotary constitutes the equivalent of a "clerk or other responsible person at the office of the person [i.e., judge] served." Indeed, if Rule 1925(b) contemplated that service upon a trial judge could be achieved by filing a copy of a Rule 1925(b) statement with the prothonotary, its requirement that an appellant "file of record the Statement and concurrently ... serve the judge," Pa.R.A.P. 1925(b)(1), would be superfluous. Rather, Rule 1925(b) contemplates two distinct obligations: filing *and* service.

10. Given our resolution of this issue, we need not address Nationwide's contention that the efforts Appellants' counsel took to personally serve the trial judge with Appellants' Rule 1925(b) Statement evidenced Appellants' awareness of their obligation under Pa.R.A.P. 1925(b). *See supra* note 5 and accompanying text.

appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order.[11]  In the instant case, the trial court's order instructed Appellants to *"file with the Court, and a copy with the trial judge*, a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days of the issuance of this order."  Order, 1/3/08 (emphasis added).  Despite any suggestion to the contrary, the express language of his order *did not* instruct Appellants to *serve* a copy of their 1925(b) Statement on the trial judge;  rather, it directed Appellants to *file* copies of their 1925(b) Statement with the court and with the trial judge.  Although the instruction to file a document with a trial judge is an oddity, we conclude Appellants substantially complied with this directive by presenting a copy to the prothonotary of Berks County.

The equitable doctrine of substantial compliance gives a court latitude to overlook a procedural defect that does not prejudice a party's rights.  In *Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269 (2006), we noted that "while we look for full compliance with the terms of our rules, we provide a limited exception under [Pa.R.C.P.] 126 to those who commit a misstep when attempting to do what any particular rule requires."  *Id.* at 267–68, 908 A.2d at 276.  We find that Appellants' counsel, by attempting to provide the prothonotary with two time-stamped copies of Appellants' 1925(b) Statement, with one to be served on the trial judge, substantially complied with the trial court's order to "file with the Court and a copy with the trial judge" their 1925(b) Statement.  Appellants should not be penalized by the prothonotary's refusal to accept other than the original copy of the 1925(b) Statement from Appellants' counsel.[12]

11.  Indeed, absent an order by the trial court, an appellant has no obligation to file a Rule 1925(b) statement.

12.  In his Dissenting Opinion, Justice Baer states that our decision in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), "placed the burden on litigants and their counsel to read and follow the requirements for perfecting an appeal properly under Rule 1925."  Dissenting Opinion at 1016. According to the dissent, if we do not penalize an

Furthermore, pursuant to Rule 205.1 of the Rules of Civil Procedure, "[a]ny legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary, sheriff or other appropriate officer accompanied by the filing fee, if any." Pa.R.Civ.P. 205.1. Similarly, under Pa.R.A.P. 121, "[p]apers required or permitted to be filed in an appellate court shall be filed with the prothonotary." Pa.R.A.P. 121(a). As our rules of civil and appellate procedure both contemplate that papers may be *filed* with the court by delivering a copy with the court prothonotary, we hold that, by attempting to file an original and one copy of their 1925(b) Statement with the prothonotary, one for the court and one for the trial judge, Appellants substantially complied with the express terms of the trial court's order.

The fact that the express language of Judge Stallone's order instructed Appellants to *file* with the court a copy of their 1925(b) Statement distinguishes the cases Judge Stallone relied on, *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223 (Pa.Super.2005), and *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400 (Pa.Cmwlth.2007), to hold that Appellants' issues were waived as a result of their failure to personally *serve* him with their 1925(b) Statement. In *Forest Highlands*, the trial judge issued an order instructing the appellant "to file, within fourteen (14) days, a concise, written statement of the matters

appellant for failing to strictly adhere to the requirements of amended Rule 1925(b), notwithstanding any failure by the trial court in adhering to the rule's requirements, we are "in danger of returning to where we started five years ago when *Castillo* and *Schofield* were decided: countenancing inconsistent application of Rule 1925's waiver provisions by the trial and intermediate appellate courts." *Id.* at 5. As the dissent itself recognizes, however, our decisions in *Lord, supra, Castillo, supra,* and *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771 (2005), preceded the 2007 amendments to Rule 1925, which this Court "greatly expanded to clarify the requirements of trial judges in ordering, and litigants in submitting, Rule 1925(b) statements." Dissenting Opinion at 364, 6 A.3d at 1016. The amended rule requires that trial judges use specific language in a Rule 1925 order, in order to adequately advise an appellant of his obligations under the rule. To essentially ignore a trial court's failure to adhere to its obligations under Rule 1925, but sanction an appellant for his failure to follow the rule, is unjust and unreasonable, particularly where, as here, the trial court's

complained of on appeal, *and to serve a copy of the same upon this Court* pursuant to Rule 1925(b) of the Rules of Appellate Procedure." 879 A.2d at 228 n. 4 (quoting order) (emphasis added). The appellant filed her 1925(b) statement with the prothonotary, but did not serve a copy of the statement on the trial court. In ruling that the appellant waived her issues on appeal, the Superior Court held that Rule 1925(b) is not satisfied when an appellant simply mails his or her 1925(b) statement to the presiding judge, nor is the rule satisfied when an appellant merely files a 1925(b) statement with the prothonotary, as it is not the trial court's responsibility to search the files of the prothonotary to locate the statement. *Id.* at 229.

Similarly, in *Egan,* the trial court directed the appellant "to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal within fourteen days, *and serve a copy on the trial court.*" 928 A.2d at 401 (emphasis added). The appellant timely filed a 1925(b) statement with the prothonotary, but did not serve it on the trial court. Citing *Forest Highlands* with approval, the Commonwealth Court determined that the appellant's failure to serve her 1925(b) statement on the trial court, as instructed, resulted in waiver of her issues on appeal.[13]

The instant case is factually distinguishable from both *Forest Highlands* and *Egan.* The appellants therein failed to

misleading order led to the very noncompliance the dissent deems sanctionable.

**13.** Both *Forest Highlands* and *Egan* were decided under the prior version of Rule 1925, which then provided, in relevant part:

(a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P. 1925 (1988).

serve copies of their 1925(b) statements on the trial court, despite the trial court's *express instructions* to do so. *See also Commonwealth v. $766.00 U.S. Currency,* 948 A.2d 912, 913 (Pa.Cmwlth.2008) (appellant's failure to serve his Rule 1925(b) statement on the trial judge, despite order that directed appellant "to file of record and concurrently serve upon this court a concise statement of errors complained of on appeal" resulted in waiver of issues on appeal under amended Rule 1925). As discussed above, by contrast, in the instant case, Appellants substantially complied with the instructions set forth in the trial court's order, namely to *file* a copy of their 1925(b) Statement with the court and with the trial judge.[14]

In affirming the trial court's order, the Superior Court herein determined it was bound by this Court's decisions in *Lord,* 553 Pa. at 420, 719 A.2d at 309 (stating that, after that decision, any issues not raised in a court-ordered 1925(b) statement will be deemed waived); *Commonwealth v. Butler,* 571 Pa. 441, 446, 812 A.2d 631, 633–34 (holding that *Lord* applies to PCRA appeals); *Castillo,* 585 Pa. at 402, 888 A.2d at 780 (reiterating the bright-line rule of *Lord* that issues not raised in a court-ordered Rule 1925(b) statement are waived on appeal, even if addressed by the trial court); and *Schofield,* 585 Pa. at 393–94, 888 A.2d at 774–75 (holding that an appellant who served her 1925(b) statement on the trial judge, but did not file it of record in the lower court, failed to comply with the requirements of Rule 1925(b)). *Lord, Butler, Castillo,* and *Schofield,* however, all involved situations in which the appellant *failed to comply* with the directives of a trial court's order regarding the filing and/or service of a 1925(b) statement. As noted above, Appellants herein *substantially com-*

14. In its Supplemental Statement in Lieu of Memorandum Opinion, the trial court cited *Schaefer v. Aames Capital Corp.,* 805 A.2d 534 (Pa.Super.2002), as additional authority for his determination that Appellants' issues were waived as a result of their failure to personally serve him with their 1925(b) Statement. Supplemental Statement in Lieu of Memorandum Opinion, 4/11/08, at 5 n.3. The trial court's order in *Schaefer* directed the appellant to file within 14 days a 1925(b) statement, "and *to serve* a copy upon this Court pursuant to Rule 1925(b) of the Rules of Appellate Procedure." *Id.* at 534 (emphasis added). *Schaefer* is distinguishable from the instant case on the same grounds that we have distinguished *Forest Highlands* and *Egan.*

*plied* with the express terms of the trial court's order;[15] thus, we disagree with the Superior Court's determination that these decisions compel a finding of waiver in the instant case. As we conclude that Appellants substantially complied with the express terms of the trial court's order, we hold that their issues were not waived on appeal.[16]

Next, we consider Appellants' related argument that, even if their compliance with Rule 1925(b) was "imperfect," they should not be penalized with waiver, since Judge Stallone's order itself failed to comply with the requirements of Rule 1925(b)(3). Specifically, Judge Stallone's order did not specify that Appellants' 1925(b) Statement must be *served* on the trial

**15.** To the extent the Superior Court characterizes Judge Stallone's order as directing Appellants to *serve* a copy of their Rule 1925(b) Statement on the trial judge, *see Berg v. Nationwide Mutual Ins. Co., Inc.,* 12 MDA 2008, at 3, 965 A.2d 285 (Pa. Super filed Nov. 12, 2008) ("in effort to comply with the trial judge's January 3, 2008 Rule 1925(b) Order directing the filing *and service* of a concise statement" (emphasis added)), such characterization is erroneous.

**16.** We do not mean to suggest, as Justice Baer contends in his dissent, that the trial court's order "trumps Rule 1925(b)." *See* Dissenting Opinion at 367, 6 A.3d at 1018. We simply recognize the unique position in which Appellants were placed as a result of the trial court's failure to adhere to the specific requirements of Rule 1925(b), the same rule under which the dissent concludes Appellants' issues are waived. Moreover, with regard to the dissent's suggestion that, where a rule and order are in tension, "the careful practitioner either should comply with both" or "comply with the rule and seek clarification from the issuing judge of the order," *id.,* the dissent fails to acknowledge that, under the unchallenged description of the events at the prothonotary's office, Appellants attempted to ascertain the location of the senior trial judge's chambers so that they could personally serve him with their Rule 1925(b) statement in full compliance with the rule. Appellants' efforts, however, were thwarted by the prothonotary's office, which refused to provide Appellants with a location for the trial judge, but assured Appellants that their Rule 1925(b) statement would be hand-delivered to the trial judge within ten minutes. Moreover, while the dissent suggests that Appellants, following their encounter with the prothonotary, still had a week within which they could have served the trial judge by mail, *see* Dissenting Opinion at 367–68, 6 A.3d at 1018–19, in light of the prothonotary's assurances, there would have been no reason for Appellants to suspect that the added step of service by mail was necessary. Finally, based on the strained relationship between the parties and the trial judge in the instant case, as evidenced by the correspondence to which we previously referred, helpful "clarification," *id.,* from the trial judge was not likely to be forthcoming.

judge, *see* Pa.R.A.P. 1925(b)(3)(iii), and did not specify that any issue not included in the statement shall be deemed waived, *see* Pa.R.A.P. 1925(b)(3)(iv).[17] Judge Stallone's failure to comply with the mandates of Rule 1925(b)(3), particularly subsection (b)(3)(iii), resulted in a situation where Appellants were faced with contradictory instructions: Judge Stallone's order instructed Appellants to *file* their 1925(b) Statement with the court and with the trial judge, while the specific language of Rule 1925(b)(1) required Appellants to file of record and concurrently *serve* the trial judge with a copy of their 1925(b) Statement.[18]

We recognize that, although Judge Stallone's order did not instruct Appellants to *serve* a copy of their Rule 1925(b) Statement on the trial judge, his order did reference Pa.R.A.P. 1925(b), subsection (1) of which provides that an appellant shall "file of record the Statement and concurrently shall serve the judge." Pa.R.A.P. 1925(b)(1). We further recognize that Appellants did not concurrently serve the trial judge with their Rule 1925(b) Statement. However, as noted above, it is the trial court's order which triggers Rule 1925 in the first instance, and it was, therefore, reasonable for Appellants to attempt to follow the instructions—to *file* their 1925(b) Statement with the Court and a copy with the trial judge—set forth in the trial court's order. Under these circumstances, where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply. *Cf. Hess*, 570 Pa. at 619 n.

17. We note that the Superior Court neither addressed nor acknowledged the deficiencies of the trial court's order under Rule 1925(b)(3). Likewise, the Superior Court did not address, in any meaningful way, Appellants' assertion in their petition to modify the record before the trial court that Appellants' counsel attempted to obtain a location for Judge Stallone so that he could personally serve him with Appellants' 1925(b) Statement, but was not provided with such a location.

18. Nationwide argues that Appellants cannot allege prejudice as a result of the absence of an instruction in the trial court's order that their 1925(b) Statement must be served on the trial judge, since Appellants assert that their counsel did, in fact, attempt to personally serve the trial judge with their 1925(b) Statement. Our decision is based, in part, however, on Appellants' substantial compliance with the express terms of the trial judge's order.

9, 810 A.2d at 1255 n. 9 (where appellant provided support for contention that he did not receive notice of trial court's Rule 1925 order, appellant should not be penalized with waiver under strict rule of *Lord:* "the rule permitting the trial court to direct an appellant to file a 1925(b) statement and providing that failure to do [so] results in waiver may not be employed as a trap to defeat appellate review" (citation omitted)).[19]

While we conclude that the specific facts of this case compel a departure from the strict application of waiver contemplated by Rule 1925(b), we note that the case *sub judice* illustrates the importance of the trial court's adherence to the requirements set forth in Pa.R.A.P. 1925(b)(3). Although the amendments to Rule 1925(b) were intended, in part, to address the concerns of the bar raised by cases in which courts found waiver because a Rule 1925(b) statement was either too vague or so repetitive or voluminous that it did not enable the judge to focus on the issues likely to be raised on appeal, *see* Pa.R.A.P. 1925 Comment, compliance by *all* participants, including the trial court, is required if the amendments and the rule are to serve their purpose.

For the reasons set forth above, we hold that the issues raised in Appellants' 1925(b) Statement were not waived, despite the fact that the statement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and where the court's Rule 1925(a) order specified "filing" and not "service." Accordingly, we reverse the order of the Superior Court and remand this matter to the Superior Court, for remand to the trial court for preparation of an opinion addressing the issues raised in Appellants' 1925(b) Statement.

Order reversed. Case remanded.

19. As noted, although the trial court's order failed to meet the requirements of Rule 1925(b)(3)(iii) and (iv), it is the trial court's failure to comply with subsection (b)(3)(iii) that we find directly implicated in the instant case. Therefore, we save for another day the effect of a trial court's failure to comply with subsection (b)(3)(iv), namely, the failure to specify in its Rule 1925(a) order that any issue not included in an appellant's Rule 1925(b) statement shall be deemed waived.

Former Justice GREENSPAN did not participate in the decision of this case.

Justice McCAFFERY joins the opinion announcing the judgment of the Court.

Chief Justice CASTILLE files a concurring opinion.

Justice EAKIN files a concurring opinion.

Justice SAYLOR files a concurring and dissenting opinion.

Justice BAER files a dissenting opinion.

Chief Justice CASTILLE, concurring.

Although I have some misgivings in light of the state of the record and the issues actually accepted for review in this case, I ultimately concur in the result. Based on appellants' extra-record assertions regarding counsel's delivery of three copies of appellants' Pa.R.A.P. 1925(b) statement to the Berks County Prothonotary, which the Court accepts as true, I conclude that appellants adequately fulfilled Rule 1925(b)'s filing and service requirements, and that accordingly, the Rule's waiver provisions are inapplicable. *See* Lead Opinion by Todd, J., at 1005–06.

The 2007 revisions to Rule 1925 were intended to clarify what was expected of litigants, including the obligation placed upon an appellant to file the Rule 1925(b) statement of record and concurrently serve the statement on the trial judge. *See* Rule 1925(b)(1). The revisions assumed, of course, that effectuating service upon any particular trial judge would be a simple matter. As the factual averments here reveal, however, this is not always the case; and I suspect that, in light of budgetary, workload, and physical space limitations, this may not be an uncommon circumstance with senior trial judges. As the case has presented itself, I view this matter as exceedingly fact-bound; an unpromising vehicle to provide a broad and helpful explication of the proper operation of the Rule (as is corroborated by the divided vote and multiple expressions of view); and indeed, worthy of this Court's intervention, rather than warranting dismissal on grounds of an improvident grant

of review, largely only because there is a strong sense that the effective evisceration of an appeal, on procedural grounds relating to Rule 1925, is unjust in these unusual factual circumstances.

For my part, I concur in the judgment because, where, as here, the specific location of the trial judge is not readily available to an appellant attempting personal service of a Rule 1925(b) statement, I believe that delivering a copy of the statement to the court's prothonotary should be adequate. In these circumstances, under Pa.R.A.P. 121(c)(1), the prothonotary functions as a clerk or other responsible person at the judge's office for purposes of making personal service on him or her, as Rule 1925(b)(1) requires.

Respectfully, I cannot join the lead opinion because I believe its application of Pa.R.C.P. 126's doctrine of substantial compliance to a trial court's order is inapt, *see Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269 (2006), and I question the suggestion that the doctrine has some place in determining whether a party has fulfilled its essential obligations under Rule 1925, in light of our specific pronouncements regarding the bright-line nature of the Rule. *See, e.g., Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002); *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). I joined the above opinions, and continue to share the view that actual compliance with the Rule is required, and is not forgiven because the court's order says something else. Here, as noted, under the circumstances, I believe the compliance was adequate under the Rule.

I also have some concern regarding whether the essential facts underlying the issue of service are properly of record, given that the trial court denied appellants' Petition to Modify the Record, which would have provided record support for counsel's current averments. Appellants challenged that denial in the Superior Court, the Superior Court did not engage the issue, and appellants did not renew that issue in seeking review here, making the trial court's decision on the Petition to Modify presumptively final. Technically, then, counsel's

averments are "non-record." However, I recognize the practical difficulties in creating a Rule 1925 "record" where the finding of waiver necessarily occurs after the appeal has been taken. In addition, a review of the trial court's decision on this issue satisfies me that its denial did not involve a determination that the facts concerning counsel's interactions with the trial court prothonotary, which were attested to by an officer of the court, were untrue; the court, rather, deemed them essentially irrelevant to its basis for finding waiver. Again, this is a peculiar case, and I am satisfied to follow the Court in assuming the accuracy of the "non-record" averments concerning post-appeal circumstances, for purposes of deciding this appeal.

I believe that the lead opinion's outcome is just and, fully cognizant of the obstacles in fashioning a cogent analysis in this case, I respectfully concur in the result.

Justice EAKIN, concurring.

Rule 1925(b) states Appellants "shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a). . . ." Pa.R.A.P. 1925(b)(1). Rule 121(a) provides, *inter alia*, "[p]apers required or permitted to be filed in an appellate court shall be filed with the prothonotary. Filing may be accomplished by mail addressed to the prothonotary. . . ." *Id.*, 121(a).[1] Appellants, by timely filing their Rule 1925(b) statement with the trial court's prothonotary, complied with Rule 121(a).

1. At first glance, Rule 121(a) appears inapplicable to filing Rule 1925(b) statements, which must be filed with the trial court, not the appellate court. However, Rule 1925(b)(1) explicitly requires filing of record *and service* on the trial judge to be pursuant to Rule 121(a)—this is what Appellants were required to comply with. The lead opinion contends filing and service are distinct obligations and this construction would render the service requirement superfluous. Opinion Announcing the Judgment of the Court, *slip op.* at 10–11 n.9. However, we cannot disregard the method of service designated by Rule 1925's plain language merely because such method is named "filing" or may render service superfluous. Furthermore, following Rule 1925's plain language will provide the bench and bar clarity in the proper means of serving a trial judge with a Rule 1925 statement.

Service on the *judge*, per Rule 1925(b), is also to be done as provided in Rule 121(a)—in contrast, service on the *parties* shall be under Rule 121(c). Thus, by complying with Rule 121(a), Appellants did comply with the "Filing and Service" requirements in the manner specified by Rule 1925(b).[2] Rule 1925(b)(1) could have easily required judges be served pursuant to other rules, but it does not, and one cannot fault Appellants for following the Rule's choice of service method.

Finding no error in what Appellants did, I would not begin creating "equitable departures" from Rule 1925's requirements. Likewise, I see no need to opine on any errors in the trial judge's Rule 1925(a) order.

Thus, I concur with the Opinion Announcing the Judgment of the Court that Appellants' claims under Rule 1925 are not waived, but do so on distinct grounds.

Justice SAYLOR, concurring and dissenting.

Consistent with my previous expressions in the Rule 1925 arena, I join the substantial compliance rule fashioned by the lead Justices. I believe, moreover, that such a rule comports with the less rigid application of Rule 1925 reflected in the recent amendments.

However, I depart from the lead's acceptance of Appellants' factual averments contained in their Petition to Modify the Record, *see, e.g.*, Opinion Announcing the Judgment of the Court, *op.* at 1004–05 & n.5, particularly as it appears that at least some of these representations are inconsistent with the trial judge's understanding. Accordingly, to the degree it is necessary to address the facts, I would remand the case for a hearing to develop a factual record and appropriate findings.

Justice BAER, dissenting.

While I appreciate that the instant case presents a unique situation in that both a party and a judge of the court of

2. Even if service were controlled by Rule 121(c), service "includes delivery of the copy to a clerk ... at the office of the person served," Pa.R.A.P. 121(c)(1), which in the case of a judge would seem to include the prothonotary of the court.

common pleas failed to adhere to our Rules of Appellate Procedure, I cannot agree with the lead Justices that, in such a circumstance, a judge's deficient order, and a party's "substantial compliance" with that order, trump a rule promulgated by this Court. *See* Opinion Announcing the Judgment of the Court (OAJC), Op. at 1008. Moreover, I would hold that Appellants Daniel and Sheryl Berg waived their ability to raise any issues on appeal because the failed to follow the service mandates of Pa. R.A.P. 1925(b)(1).[1] Accordingly, I must respectfully dissent.

As is now well known throughout the Commonwealth, Rule 1925 has recently undergone extensive revisions in an attempt to ease the rigidity of the procedures parties must go through in order to effectuate an appeal properly. Prior to July of 2007, Rule 1925 provided, in relevant part,

(a) *General rule.* Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

(b) *Direction to file statement of matters complained of.* The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

1. Pa. R.A.P. 1925(b)(1) provides,

Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa. R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified, in compliance with the requirements set forth in Pa. R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa. R.A.P. 121(c).

Pa. R.A.P. 1925(a)-(b) (rescinded May 10, 2007, effective Jul. 10, 2007).

In 1998, in response to inconsistencies in the trial and intermediate appellate courts concerning the application of the waiver clause in subsection (b) of the old Rule 1925, we clarified for the bench and bar that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998). We reaffirmed the *Lord* bright-line waiver rule in *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002), further clarifying that a failure to include issues in a Rule 1925(b) statement resulted in "automatic" waiver, which could be found *sua sponte* by courts. *Id.* at 634.

Then, in 2005, this Court, in two companion opinions written by this author, extended the *Lord* rule beyond a party's failure to include issues within a Rule 1925(b) statement. In the lead opinion, *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), we considered whether a court could consider the merits of an appeal despite the Rule 1925(b) statement being filed after the fourteen-day limit set forth in subsection (b). We first recognized that trial and intermediate appellate courts alike were still, in their discretion, addressing and deciding the merits of issues raised on appeal in untimely or procedurally flawed Rule 1925(b) statements, continuing the inconsistency that *Lord* and *Butler* had intended to eliminate:

one trial court might file quickly and efficiently an opinion waiving all issues, while another might address the issues it believes the appellant will raise, and still another might delay filing an opinion until a statement is received. If the appellant in each hypothetical case eventually files an equally untimely statement, the appellate court in the first case would waive the issues that the trial court waived, while in the second two scenarios, [...] the appellate court could address the issues so long as the trial court addressed the same issues in its opinion.

*Id.* at 779. In another attempt to establish uniformity throughout the courts of the Commonwealth, we reaffirmed the bright-line rule of *Lord* that complete compliance with Rule 1925(b) was mandatory, and, absent such compliance, litigants would be subject to the consequences of waiver. *Id.* at 780. In so doing, we placed the burden on litigants and their counsel to read and follow the requirements for perfecting an appeal properly under Rule 1925: "It is incumbent upon all lawyers to follow court rules without judicial oversight." *Id.* at 779 n. 5.

The companion case to *Castillo, Commonwealth v. Schofield,* 585 Pa. 389, 888 A.2d 771 (2005), is somewhat analogous to the case at bar. There, while the trial judge had been properly served with a Rule 1925(b) statement (and, indeed, issued a Rule 1925(a) opinion on the merits), the certified record was devoid of any indication that the statement had also been filed of record with the trial court, as required by the former Rule 1925(b) ("The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. . . ."). Applying the bright-line rule of *Lord/Castillo,* we found all issues raised by the appellant waived, holding that the "failure to comply with the minimal requirements of Pa. R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Id.* at 774. Thus, the appellant's failure to perfect the appeal by filing the Rule 1925(b) statement with the trial court was fatal to his ability to pursue his contentions of error in the appellate courts.

As noted above, in July 2007, this Court substantially revised Rule 1925. In particular, subsection (b) was greatly expanded to clarify the requirements of trial judges in ordering, and litigants in submitting, Rule 1925(b) statements. Specifically, the revisions change the time-period for filing and serving a Rule 1925(b) statement to twenty-one days, and permit trial judges to enlarge that period upon proper application by an appellant. Pa. R.A.P. 1925(b)(2). Moreover, the revised rule directs trial judges to include within the order directing submission of a Rule 1925(b) statement:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa. R.A.P. 1925(b)(3)(i)-(iv). Finally, subsection (4) outlines very detailed requirements for appellants in submitting the Rule 1925(b) statement, including a provision that failure to follow such mandates will result in waiver of issues raised for appeal. Pa. R.A.P. 1925(b)(4)(vii).[2] Notably, however, and not withstanding the substantial changes, subsection (1) of the new Rule 1925(b) continues the requirement from the old rule that an appellant "shall file of record the [s]tatement and concurrently shall serve the judge." Pa. R.A.P. 1925(b)(1). Filing and service under the new rule may be completed either in person or by certified mail. *Id.*

Since the revision of Rule 1925, at least some uncertainty has arisen in the intermediate appellate courts concerning whether the revisions have supplanted the bright-line waiver rules of *Lord* and *Castillo.* For example, in *Commonwealth v. $766.00 in U.S. Currency,* 948 A.2d 912 (Pa.Cmwlth.2008), the Commonwealth Court applied the *Lord* bright-line rule, and thus dismissed an appeal, where the appellant served his Rule 1925(b) statement upon the Commonwealth Court, rather than the trial judge. Contrarily, in *Commonwealth v. Hopfer,* 965 A.2d 270 (Pa.Super.2009), a panel of the Superior Court, in faulting a trial judge for summarily denying an appellant's request for an extension in which to file a Rule 1925(b)

**2.** Moreover, subsection (c) of the new rule permits appellate courts to remand a matter back to the trial court "for a determination as to whether a [s]tatement has been filed and/or served or timely filed and/or served," and also gives appellate courts the authority to grant *nunc pro tunc* relief to appellants wishing to amend or supplement an already timely filed and served Rule 1925(b) statement. Pa. R.A.P. 1925(c)(1)-(2).

statement, noted, "it is evident that the revised [Rule 1925] has relaxed the strict-waiver requirement of *Lord* and its progeny." *Id.* at 273.

Thus, we are seemingly in danger of returning to where we started five years ago when *Castillo* and *Schofield* were decided: countenancing inconsistent application of Rule 1925's waiver provisions by the trial and intermediate appellate courts. The OAJC herein seemingly desires to save the Bergs in this unfortunate scenario by finding that they "substantially complied" with the terms of the order directing submission of a Rule 1925(b) statement. *See* OAJC Op. at 1008, 1010–11. While to some extent I share in the OAJC's empathy for the Bergs' plight, for the reasons that follow, I cannot yield to the temptation to join its rationale or holding.

First, the OAJC leads into its substantial compliance analysis by reasoning, "in determining whether an appellant has waived issues on appeal based on non-compliance with Pa. R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under that rule, and, therefore, we look first to the language of that order." *Id.* at 1008. With all due respect to the OAJC, I do not read our Rule 1925 jurisprudence, including the seminal *Lord, Butler, Castillo,* or *Schofield* decisions, as placing any emphasis whatsoever on the language of the Rule 1925 order. Rather, and despite "the equitable appeal of granting relief in [any] case," *Schofield,* 888 A.2d at 774,[3] our concentration has recently been upon a litigant's compliance with the rule, and nothing else: "failure to comply with the minimal requirements of Pa. R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Id.* Indeed, the new Rule 1925 reiterates that failure to comply with the provisions of Rule 1925(b) shall result in waiver of all appellate issues not properly raised. Pa. R.A.P. 1925(b)(3)(iv)

3.  Like the OAJC, I am disheartened by the hostilities that have seemingly arisen between the parties, and, most unfortunately, the trial judge. Moreover, I also join the OAJC in crediting the account of the events that occurred in the Berks County Prothonotary's Office January 17, 2008. However, under the mantra of "bad facts make bad law," I cannot ascribe to an decision, which has the potential to reinsert inconsistent results into Pennsylvania's Rule 1925 jurisprudence.

& (4)(vii). Subsections (b)(3)(iv) and (b)(4)(vii) brook no exception for substantial compliance with a poorly worded order.

Thus, while I recognize the OAJC's cogent point that "it is the trial court's order which triggers Rule 1925 in the first instance," OAJC Op. at 1011, upon receipt of that order, it is incumbent upon the litigants, and no one else, to ensure proper perfection of an appeal, including filing and service, through the mandates of the rule. *Accord Schofield; see also Castillo*, 888 A.2d at 779 n. 5 ("It is incumbent upon all lawyers to follow court rules without judicial oversight."). The effect, however, of the OAJC appears to be an edict that when a trial judge's order is in arguable tension with a rule of procedure, the order should control. Specific to this case, the OAJC holds that, regardless of the mandates of Rule 1925(b)(1) that an "[a]ppellant shall file of record the [s]tatement and concurrently shall serve the judge," when the trial judge instantly instructed the Bergs to "file with the Court, and a copy with the trial judge," a Rule 1925(b) statement, OAJC Op. at 1008 (quoting Order of Jan. 3, 2008), the Bergs' substantial compliance with the order by filing the Rule 1925(b) statement with the Berks County Prothonotary was sufficient to perfect the appeal.

Were I to agree with the OAJC that the trial court's order trumps Rule 1925(b), I would be inclined to join this reasoning. In my view, however, where an order and rule are in tension, the careful practitioner either should comply with both, or if that is not clearly possible, comply with the rule and seek clarification from the issuing judge of the order. Absent such prudence, waiver should result, not because it is harsh on the litigant or counsel, but because it ensures uniform justice to the tens of thousands of litigants proceeding through Pennsylvania courts each year. On the other hand, should a litigant comply with the rules of court and take the relatively simplistic step of seeking clarification of the trial judge's order, and the judge for whatever reason refuses to issue clarification (thus causing prejudice to that litigant), I would characterize this as a breakdown in the administration of justice mandating equitable relief. *See Union Elec. Corp. v.*

*Bd. of Prop. Assessment of Allegheny County,* 560 Pa. 481, 746 A.2d 581, 584 (2000) (finding a breakdown in court operations occurs, and thus *nunc pro tunc* relief is warranted, where a court officer or administrative body "is negligent, acts improperly, or unintentionally misleads a party."); *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133, 1135 (1979) (equitable remedy of *nunc pro tunc* relief is granted where "fraud or a breakdown in the court's operations through a default of its officers" occurs); *see also Radhames v. Tax Review Bd. of City of Philadelphia,* 994 A.2d 1170 (Pa.Cmwlth.2010). In my view, the bright-line waiver doctrine of *Lord* should continue with the revised Rule 1925, while equitable solutions to very limited cases remain available.[4]

Nevertheless, and contrary to the OAJC and my fellow Justices concurring in the result, I would find that the Bergs failed to comply with Rule 1925(b), and, thus, waived all issues for appeal. First, they simply did not serve the trial judge with the Rule 1925(b) statement as required by subsection (b)(1) of the rule. Second, when faced with an order of court and an instruction from a clerk in the prothonotary's office, which were both in tension with (if not completely contrary to) the explicit mandates of Rule 1925(b), the Bergs did not seek any clarification or assistance from the trial judge. Moreover, the equities of this case are not as draconian as the OAJC would make them out to be. The Bergs were not under any

4. Indeed, I agree with the OAJC that clarification from the trial judge may not have been forthcoming in this case, due to the acrimonious relationship between the parties and the judge. *See* OAJC Op. at 1010–11 n.16. Under our jurisprudence, however, such failure by the trial judge to issue clarification would constitute a breakdown in the administration of justice, such that *nunc pro tunc* relief from an appellate court would be warranted.

I also note that, generally, Pennsylvania appellate courts have not permitted trial courts to dismiss cases for violating orders of court. *See generally Calderaio v. Ross,* 395 Pa. 196, 150 A.2d 110 (1959) (noting that dismissal is an extreme sanction); *McCarthy v. Southeastern Pennsylvania Transportation Auth.,* 772 A.2d 987 (Pa.Super.2001) (finding dismissal is the most severe of sanctions, requiring willful misconduct causing prejudice, in order to be justified); *see also Commonwealth v. Revtai,* 516 Pa. 53, 532 A.2d 1 (1987) (holding that, in the criminal context, dismissal of prosecutions based on technical violations are highly disfavored).

filing deadline; they still had a full week to serve the trial judge with the Rule 1925(b) statement. As made perfectly clear by Rule 1925(b)(1), the Bergs could have left the Berks County Courthouse, gone to the local post office, and sent the statement via certified mail to the trial judge. Even without any order of clarification, such actions would have perfected service to the trial judge and been in full compliance with both Rule 1925(b) and the trial judge's deficient order.[5] As in *Schofield*, the Bergs simply did not follow the filing and service requirements of the new Rule 1925(b), and, accordingly, for the good of all should face the consequence of waiver.

All of this having been said, I feel compelled to comment upon the order issued by the trial judge. Like the OAJC, very respectfully, I find the trial judge's failure to follow the mandates of Rule 1925(b)(3) troublesome. Had the judge included within the order the components found in subsection (b)(3), this appeal would have been unnecessary. To avoid any confusion concerning Rule 1925(b) statements in the future, I suggest that the Appellate Rules Committee undertake the necessary steps to create and promulgate a simple form order for trial judges to use when ordering the submission of a Rule 1925(b) statement by an appellant.[6]

**5.** In light of the assurances by the prothonotary's clerk that the trial judge would be given the Rule 1925(b) statement within ten minutes of counsel leaving the courthouse, the OAJC takes to task my suggestion that the Bergs should have assured service by mailing the statement upon leaving the prothonotary's office. *See* OAJC Op. at 1010–11 n.16. Consistent with the OAJC's own analysis concerning service, however, *see* OAJC Op. at 1007 n.9, such delivery of the statement by the clerk to the trial judge would not have sufficed as service under the Pa. R.A.P. 121(a).

**6.** The OAJC places emphasis on the "unique position in which Appellants were placed as a result of the trial [judge's] failure to adhere to the specific requirements of Rule 1925(b)." OAJC Op. at 1010–11 n.16. Again, I am sympathetic to the potential equities of this case. In my view, however, the strict-waiver rule of *Lord* and its progeny remains crucial to the uniform administration of justice in Pennsylvania, and I cannot ascribe to a decision, which dilutes such an important facet of our jurisprudence. Contrarily, the Appellate Rules Committee can undertake the simplistic task of creating a form order for trial judges, thus insuring that this situation never arises again.

In conclusion, I would find that, despite the revisions recently made to Rule 1925, the bright-line waiver rule of *Lord* and its progeny remains valid and binding upon all litigants, without exception.[7] To guarantee the proper and uniform administration of justice throughout the Commonwealth, litigants should follow Rule 1925 to its letter, or be faced with waiver, and, if necessary, seek clarification of an imprecise order of court. Accordingly, because I would find the Bergs' failure to serve the trial judge with their Rule 1925(b) statement fatal to their appeal under the mandates of Rule 1925(b)(1), I must respectfully dissent.

---

7. To that end, I would disapprove of any trial or intermediate appellate court decision to the contrary, such as *Hopfer, supra* p.5.