J-A26017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JACK ROBBINS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: MICHAEL ROBBINS AND HOLLY ROBBINS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 673 EDA 2023 |

Appeal from the Order Entered February 6, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2022-X2697

| | | |
|---|---|---|
| IN RE: JACK ROBBINS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: MICHAEL ROBBINS AND HOLLY ROBBINS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 674 EDA 2023 |

Appeal from the Order Entered February 6, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2022-X2698

| | | |
|---|---|---|
| IN RE: JACK ROBBINS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: MICHAEL ROBBINS AND HOLLY ROBBINS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 675 EDA 2023 |

Appeal from the Order Entered February 6, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2022-X2699

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 12, 2024**

Michael and Holly Robbins ("Appellants") appeal from the order in which the trial court found it lacked jurisdiction. We remand for the orphan's court to hold an evidentiary hearing to determine whether Appellants served the trial judge with a copy of the Rule 1925(b) statement.

Jack Robbins died in Florida in July 2013. His will was probated, with two of his four children – Stephen Robbins and Rebecca Robbins – acting as personal representatives and with Stephen, Rebecca, and Wallace Lindsay (collectively, together with Deborah Robbins, "Appellees") acting as co-trustees of a pour-over trust. The trial court states the proceeds of the trust were to be used to create sub-trusts for each of Jack's grandchildren, with the remaining funds to be distributed equally to his four children.

Litigation ensued over the estate and various trusts, which the parties resolved by a settlement agreement. A court in Florida approved the settlement and entered a final judgment. More than three years later, Michael brought an action in Florida against the trustees alleging the settlement had been fraudulently induced. In October 2019, the court dismissed the complaint with prejudice, finding it was filed after the statute of limitations had expired and that the final judgments were entitled to *res judicata*.

In July 2022, Michael filed three complaints in Pennsylvania, one for the estate, one for the trust, and one for the grandchildren's trusts. The trial court held a hearing on whether it had jurisdiction over the claims raised in the complaints. After the hearing, and review of the parties' memoranda, the court

issued an order finding it lacked jurisdiction. Appellants filed a notice of appeal.

The court issued an order requiring that Appellants file a Rule 1925(b) statement and serve the statement on the trial judge:

> Appellant shall file of record, and serve upon the undersigned Judge, either by mail to: The Honorable Melissa S. Sterling, Montgomery County Court House, P.O. Box 311, Norristown, PA, 19404-0311, or in person to the mail room at the Montgomery County Court House, a concise statement of errors complained of on appeal.

Order, Mar. 9, 2023. Appellants filed the statement, but the trial judge did not receive it.

Appellants raise the following issues:

> 1. Did the Orphans' Court err when it held that it did not have jurisdiction because it believed jurisdiction was retained by the Palm Beach County, Florida Court?
>
> 2. Where decedent's Florida estate and trusts have been completely administrated and distributed, and no property of either is before any Florida Court, and the Florida Court has declined jurisdiction, does a Pennsylvania Orphans' Court have jurisdiction over claims of constructive trust and the like of a residuary beneficiary who was not a fiduciary of the estate or trusts against wrongfully enriched residual beneficiaries who were also fiduciaries of the estate and trust (two of whom reside in Montgomery County and a third in Chester County) and all of whom have their inheritance and that of the claimant in Pennsylvania and who, as a consequence of their undervaluing the estate and trust to the non-fiduciary beneficiary by, inter alia, over $8 million dollars, wrongfully acquired a portion of the nonfiduciary residual beneficiary's inheritance for their own gain?
>
> 3. Whether this Court should dismiss Michael's appeal because counsel allegedly did not serve Judge Sterling Appellants' 1925(b) Statement?

4. Whether this Court should dismiss Michael's appeal because the Orphans' Court stated it cannot determine from the 1925(b) Statement what Appellants' "claims" are and cannot "conclude whether the Florida courts have already ruled on these [']claims[']?"

5. Whether the appeals should be dismissed because of something in Michael's 1925(b) Statement from which the Orphans' Court wrongly believes Pennsylvania's two-year statute of limitations for fraud commenced on the date of the Settlement Agreement?

6. Whether there is any validity to the Orphans' Court's claim that the "heart of the matter" is whether "there is no forum that should be saddled with these never-ending lawsuits brought by Appellants, after a full and complete release of all matters [to October 25, 2016], including those involving the Estate, the Trust, the FLP, the Grandchildren's Trust, executed by them in 2016 when they entered into the Settlement Agreement, which was then approved by the Florida trial court and reduced to final judgment by the Florida court?"

Michael's Br. at 5-7 (answer of Orphans' court and footnote omitted).

The trial judge did not receive a copy of Appellant's Rule 1925(b) statement. Appellants attached to their appellate brief, a letter to the trial judge enclosing the Rule 1925(b) statement, and stated in the brief that counsel mailed the letter on March 23, 2023. Appellants state the mailing was not returned to counsel, and therefore they could not know the trial judge did not receive the statement. Appellants maintain that they were not required to file a certificate of service for service on the trial judge. They claim the order directed the means and method of service, and they complied. They argue that the court should accept representations of lawyers, who are officers of the court and held to a duty of candor. Appellants further argue that they have substantially complied with the Rule 1925(a) order, and therefore any

- 4 -

procedural defect should be overlooked. Appellants note that no party was prejudiced, as the court was able to address the claims.

Rule 1925(b) requires that an appellant file a Rule 1925(b) statement when ordered and serve the statement on the trial judge:

> The appellant shall file of record the Statement and concurrently shall serve the judge. . . . Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

Pa.R.A.P. 1925(b)(1).

Courts have found issues waived where an appellant failed to serve on the trial judge the statement of matters complained of on appeal. *See Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 229 (Pa.Super. 2005) (finding "[a]ppellant's failure to comply with the service requirements of Rule 1925(b), viewed in conjunction with her verified admission to receiving notice of the same (otherwise no statement would have been filed with the prothonotary) and docket evidence of filing Rule 1925(b) order, render waived her complaints on appeal").

When "determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (opinion announcing judgment of the court). Further, pursuant to Rule 1925(c)(1), "[a]n appellate court may

remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1).

In **Berg**, the trial court's order required the appellants to "file with the Court, and a copy with the trial judge, a Concise Statement of Errors Complained of on Appeal[.]" 6 A.3d at 1004 (citation omitted). Trial counsel averred in a petition to modify the record that he had asked the Prothonotary for the location of the trial judge's chambers, but the Prothonotary would not provide the information, insisted the court only wanted the original, and stated the Prothonotary would deliver the statement to the judge. The Supreme Court concluded that the issues were not waived, even though the statement had not been served on the trial judge, because the appellant had substantially complied with the rule "where personal service was attempted by counsel and thwarted by the prothonotary, and where the court's Rule 1925(a) order specified 'filing' and not 'service.'" **Id.** at 1012.

**Berg** is not controlling here. Not only is it a plurality decision, but it is also distinguishable. Unlike the order in **Berg**, the trial court's order was clear that the statement must be both filed with the court and served on the trial judge.

Here, the certificate of service attached to the copy of the Rule 1925(b) statement in the record states that Appellants served Appellees but does not mention the trial judge. Although Appellants attached to their appellate brief a letter to the trial judge, this letter is not in the trial court record, and there

is nothing in the record suggesting that the letter was mailed or delivered. **Cf. Berg**, 6 A.3d at 1004 n.5 (accepting counsel's representations contained in a petition to modify a record as true where they were sworn and attested to under penalty of perjury). Because it is unclear whether Appellants served the trial court with the Rule 1925(b) statement, we remand this matter for an evidentiary hearing. After a hearing, the trial court shall determine whether Appellants served it with a copy of the Rule 1925(b) statement.[1] The court shall file in this court within 60 days of the date of this Memorandum a supplemental Rule 1925(a) opinion setting forth its determination.

Case remanded. Jurisdiction retained.

---

[1] We note that the docket states notice of the order pursuant to Pennsylvania Orphan's Court Rule 4.6 was provided on March 9, 2023.