J-S11021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DAVALIN CHARLES BENNETT | |
| Appellant | No. 842 WDA 2016 |

Appeal from the PCRA Order April 12, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001402-1998, CP-02-CR-0001759-1998, CP-02-CR-0001761-1998

BEFORE:  OLSON, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                **FILED APRIL 26, 2017**

Appellant, Davalin Charles Bennett, appeals from the order entered April 12, 2016, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, following a trial resulting in his conviction for first degree murder and violations of the Uniform Firearms Act.[1]  We affirm.

We adopt the following statement of facts from the PCRA court's opinion, which in turn is supported by the record.  **See** PCRA Court Opinion (PCO), 9/28/16, at 1-3.  In April 1999, a jury convicted Appellant of criminal homicide and two counts of unlawful possession of a firearm.  He received a

---

[1] 18 Pa.C.S. § 2501, 6106.

[*] Former Justice specially assigned to the Superior Court.

mandatory life sentence for homicide and a consecutive seven to fourteen years of incarceration for the firearms charges.

Appellant's judgment of sentence was affirmed on December 20, 2000, and he did not seek review with the Pennsylvania Supreme Court.[2] **See Commonwealth v. Bennett**, 901 WDA 1999 (unpublished judgment order at 1).

Appellant untimely filed his first PCRA petition on July 26, 2011, averring that he was entitled to relief based upon newly discovered evidence, namely, an affidavit from a witness recanting the statement he had given to police. Appointed counsel submitted a **Turner/Finley**[3] "no merit" letter, which the court granted. The petition was dismissed as untimely filed. Appellant timely appealed, and the dismissal was affirmed. **See Commonwealth v. Bennett**, 69 A.3d 1299 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 621 A.3d 699 (Pa. 2013).

Appellant *pro se* filed a second PCRA petition, which the court dismissed as untimely. Appellant timely appealed, and the dismissal of his petition was affirmed. **See Commonwealth v. Bennett**, 125 A.3d 447 (Pa. Super. 2015) (unpublished memorandum).

---

[2] Appellant waived all of his claims on appeal due to a failure to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and his appeal was disposed by judgment order.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

On January 25, 2016,[4] Appellant filed the instant PCRA petition, arguing that his counsel was ineffective for failing to preserve his appellate rights. Appellant also raised, but did not plead or develop argument, a boilerplate claim of governmental interference. The PCRA court sent notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and dismissed Appellant's petition as untimely. Appellant timely appealed.[5] The trial court issued an opinion.

_____

[4] The PCRA court opinion states that Appellant filed his petition on February 5, 2016, however, the docket reflects that the petition was filed January 25, 2016.

[5] By order docketed June 24, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before September 26, 2016. There is no indication on the docket or in the record that Appellant filed this statement. **See** **Commonwealth v. Castillo**, 88 A.2d 775, 780 (Pa. 2005) (holding that any issue not included in a Pa.R.A.P. 1925(b) statement is deemed waived). Prior to finding waiver, however, we must look to the language of the order. **See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*). In "determining whether an appellant has waived his issues on appeal based on noncompliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation." **Id.**

An examination of the trial court's order reveals that it does not comply with Pa.R.A.P. 1925(b)(3), in that it does not specify that 1) the statement shall be served on the judge pursuant to paragraph (b)(1), or 2) any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived. **See** Pa.R.A.P. 1925(b)(3)(i)-(iv). Accordingly, we decline to find waiver in this instance. **See**, **e.g.**, **Berg v. Nationwide Mut. Ins. Co. Inc.**, 6 A.3d 1002, 1010 (Pa. 2010) (declining to find waiver where appellants substantially complied with language of trial court order).

On appeal, Appellant raises the following issue for our review:

Reversible error was committed when [the PCRA] court dismissed Appellant's petition *nunc pro tunc* seeking to restore his appellate rights under ineffective assistance of counsel claims that his counsel failed to file a 1925(b) concise statement of matters complained of on appeal.

Appellant's Brief at 3.[6]

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[6] We further note that Appellant's Brief does not comply with the Rules of Appellate Procedure, as it does not include page numbering, a table of contents, or a table of citations. *See* Pa.R.A.P. 2173-2174. Nor does his argument reference the record to support his claims. *See* Pa.R.A.P. 2119(c).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).   Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant admits his petition is patently untimely.[7]   Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar.  *See Bennett*, 930 A.2d at 1267.   Appellant's brief makes reference, in a scattershot fashion, to a number of issues without particularly developing any of them.

First, Appellant claims that all prior counsel were ineffective for failure to preserve his appellate rights.  *See* Appellant's Brief at 6.  However, this issue does not evade the time bar without pleading an applicable exception.

---

[7] Appellant's judgment of sentence became final on January 19, 2001, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court.  *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).  Accordingly, he had until January 2002 to timely file a petition seeking collateral relief.

***Bennett***, 930 A.2d at 1267. Further, it has been previously litigated. ***See*** PCRA Court Opinion (PCO), 10/26/12, at 4; ***see also Bennett***, 69 A.3d at 1299; ***see also Commonwealth v. Collins***, 888 A.2d 564, 570 (noting that an issue is previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue); ***see also*** 42 Pa.C.S. § 9544(a)(2).

Next, Appellant baldly claims that he qualifies for the "after-discovered facts" exception to the timeliness requirement, though he does not articulate what those facts might be. ***See*** Appellant's Brief at 7. Accordingly, Appellant has waived this argument for purposes of appeal. ***See*** Pa.R.A.P. 2119(a)-(c); ***see also Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Further, Appellant claims that the failure to correct appellate counsel's failure to file a Pa.R.A.P. 1925(b) statement amounts to governmental interference. ***See*** Appellant's Brief at 11-12. As noted, *supra*, Appellant has previously litigated the issue of counsel's failure to file his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Further, he has waived this issue for failure to properly develop it, as he has not articulated how or which governmental officials interfered in his right to file his appeal. ***See*** Pa.R.A.P. 2119(a)-(c); ***see also Commonwealth v. Knox***, 50 A.3d 732,

748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim, and properly dismissed his petition. **See Ragan**, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017