J-S28026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUE C. CLUTTER AND ROY L. CLUTTER, HER HUSBAND, PHIL L. LAPPING AND NAOMA C. LAPPING, HIS WIFE, AND JEFF L. LAPPING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALLEN C. BROWN, CAROL A. BROWN PURDY, MELVA L. BROWN JOSEPH, DELURA MAE BROWN CAULDER, JUDITH L. FOULK BOWEN, CHARLES M. FOULK, KENNETH E. FOULK, KEVIN A. FOULK, JEFFREY N. KING, JANET L. VERMILLION GEMMELL, JOANN VERMILLION MCVITTY, JOHN D. TSCHURDY, ROSE MARY TSCHUDY HITES, MARILYN JEAN LOWE, BARBARA ELLEN COMSTOCK, IDELLA LOY, CALVIN DECKARD, DWIGHT DECKARD, NORMA SHIRK, SANDRA N. CLARK, PEGGY J. COLE HAYNES, SHARON L. COLE VAN BURSICK, LARRY COLE, DONALD WILSON COLE, RONALD LEE COLE, JOSEPH E. BORMAN, WILLIAM L. BORMAN, SHERRY SHARLENE COLE BOLES, LINDA S. CLARK LEMAY, BONNIE LOU CLARK HEILMAN, DAVID N. CLARK, GLORIA JEAN MILLER, FRANCIS J. MILLER KIRK, JOANNE PRINCESS CARLYL CLARK, WILLIS FRANKLIN CLARK, JR., ROSE MAE CLARK RUDD, CYNTHIA L. CLARK CAREY, JOHN SHERMAN CLARK, RAY EUGENE CLARK, TAMRA S. GALLANT PENIX, STEVEN RAY GALLANT, DOUGLAS R. GALLANT, BRYAN GALLANT, GARY LEE CLARK, RANDY J. LOCKMAN, DAVID D. ADAMS, LINDA GAIL ADAMS SMITH, BARBARA SUE ADAMS, SARA A. MILLER OSTEEN, ELLEN E. MOUNT, THEODORE A. MOUNT, MARY E. MOUNT ALDERMAN, MARILYN J. | |

MOUNT KOEVAR, DAVID TOMEY,
HAROLD EUGENE MOUNT, NANCY
WISHON MURPHY, MICHAEL ALLEN
KUHNLE, JR., RACHEL M. KUHNLE, KELLY
MARIAH KUHNLE, THOMAS MCCOY, ERIN
MCCOY, MELISSA MARIE WISHON,
MARTIN W. WISHON, MELVIN J.
WISHON, JR., ANTHONY WAYNE MCCOY,
SR., NANCY KAY WISHON, MATTHEW
SAMUEL WISHON, PATRICIA LOUISE
VANSICKLE WHITE, CAROLYN SUE LUST
DYE, CAROL FRANCES VANSICKLE
HATFIELD, RALPH J. CELLAR, KATHRYN
L. CELLAR SULLIVAN, POLLY ANNE
HONNINGFORD KILGORE, DAVID ALAN
KILGORE, JENNIFER E. KILGORE MILAN,
BEVERLY JEAN KILGORE COX, CARL
NOGGLE, JR., CARL RICHARD
WOODRING, SARA L. WOODRING
CHANDLER, JANE ANN NOGGLE LEHNER,
ROBERT ALLEN NOGGLE, WILLIAM LEE
NOGGLE, SR., DOUGLAS ALLEN
FOREMAN, KATHERINE D. FOREMAN,
KRYSTAL S. FOREMAN ZEIGLER, JEFFREY
CARL NOGGLE, DANNY GENE NOGGLE,
JR., TRENTON ISAAC ROWLAND, TRAVIS
LEE ROWLAND, RACHEL CHANDLER,
A/K/A RAYCHAEL CHANDLER, LARRY D.
NOGGLE, TERESA M. NOGGLE COOLEY,
LYNDA LEE NOGGLE DORNBIRER, A/K/A
LINDA LEE NOGGLE DORNBIRER, JOANN
VANSICKLE ORR, SANDRA KAY
VANSICKLE ORLETT, MARY ALICE
VANSICKLE BARTLEY, DONNA JEAN
VANSICKLE NILES, ELIZABETH MARIE
HINTON DELANEY, MINNIE F. HINTON
GAMBLE, JESSE EUGENE SIPES, VICKY
L. SIPES PIERCE, SHARON ELAINE SIPES
THOMPSON, KATHY SUE SIPES
WILLIAMS, JOHN WILLIS SIPES,
BERNICE JEAN SIPES MCCOY, CYNTHIA
LOUISE HAMMOND, DEBORAH SUE
SPITZ, PAMELA KAY HOGAN, JEAN ANN
COPELAND INGRAM, CYNTHIA LOUISE

HAMMOND, LINDA LOU SIPES BROWN,
AND TIMOTHY SIPES

APPEAL OF: BRYAN GALLANT, GLORIA
JEAN MILLER, DOUGLAS GALLANT,
FRANCIS J. MILLER KIRK, STEVEN
GALLANT, RAY EUGENE CLARK, TAMRA
S. GALLANT PENIX A/K/A TAMRA
GALLANT HANCOCK, POLLY ANNE
KILGORE, DAVID ALAN KILGORE,
BEVERLY JEAN KILGORE COX, JENNIFER
E. KILGORE MILAN A/K/A JENNIFER E.
MILAM, DAVID N. CLARK, LINDA S.
CLARK LEMAY, BONNIE LOU CLARK
HEILMAN, JOHN D. TSCHURDY, A/K/A
JOHN D. TSCHUDY, ROSE MARY
TSCHUDY-HITES, MARILYN JEAN LOWE,
BARBARA ELLEN COMSTOCK, SARA L.
WOODRING CHANDLER, BERNICE JEAN
SIPES MCCOY, CYNTHIA L. CLARK
CAREY, JOANNE PRINCESS CARLYLE
CLARK, JUDITH FOULK BOWEN,
CHARLES M. FOULK, KEVIN A. FOULK,
ROSE MAE CLARK RUDD, JOHN
SHERMAN CLARK AND CAROLYN SUE
LUST DYE

No. 1484 WDA 2016

Appeal from the Order September 13, 2016
In the Court of Common Pleas of Greene County
Civil Division at No(s): AD-68-2014

BEFORE:  OLSON, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                          **FILED SEPTEMBER 21, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

Bryan Gallant, Gloria Jean Miller, Douglas Gallant, Francis J. Miller Kirk, Steven Gallant, Ray Eugene Clark, Tamra S. Gallant Penix a/k/a Tamra Gallant Hancock, Polly Anne Kilgore, David Alan Kilgore, Beverly Jean Kilgore Cox, Jennifer E. Kilgore Milan a/k/a Jennifer E. Milam, David N. Clark, Linda S. Clark LeMay, Bonnie Lou Clark Heilman, John D. Tschurdy a/k/a John D. Tschudy, Rose Mary Tschudy-Hites, Marilyn Jean Lowe, Barbara Ellen Comstock, Sara L. Woodring Chandler, Bernice Jean Sipes McCoy, Cynthia L. Clark Carey, Joanne Princess Carlyle Clark, Judith Foulk Bowen, Charles M. Foulk, Kevin A. Foulk, Rose Mae Clark Rudd, John Sherman Clark and Carolyn Sue Lust Dye ("Gallant Appellants") appeal from the September 13, 2016 order entered in the Greene County Court of Common Pleas granting the motion for summary judgment filed by Sue C. Clutter, Roy L. Clutter, Phil L. Lapping, Naoma C. Lapping, and Jeff L. Lapping ("Landowners"). We affirm.

Landowners commenced a quiet title action with respect to oil and gas interests underlying two tracts of land located in Center Township, Greene County, Pennsylvania. On August 1, 2016, Landowners filed a summary judgment motion. On September 13, 2016, the trial court granted the motion.

On September 28, 2016, the Gallant Appellants filed a notice of appeal, and, on September 29, 2016, they filed an amended notice of appeal. On October 3, 2016, the trial court entered an order directing the Gallant Appellants to file a concise statement of errors complained of on

appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days of the date of the order. On October 7, 2016, the trial court entered an amended Rule 1925(b) order, which stated:

> [Gallant Appellants] having filed an appeal to the Pennsylvania Superior Court on September 29, 2016, it is ORDERED that pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), [Gallant Appellants] shall file a concise statement of the matters complained of on appeal within twenty-one (21) days of this date, the failure to comply may be considered as a waiver of all objections to the Order from which the appeal was taken, including the failure to timely file and serve the statement of record with the Court, as otherwise required by Pa.R.A.P. 2116.

Order, 10/7/16. The Prothonatary sent notice of this order to the Gallant Appellants. *See* Docket, AD-68-2014. The Gallant Appellants did not file a Rule 1925(b) statement.

On November 30, 2016, the trial court entered an order directing the Prothonotary to forward the record to the Superior Court without a Rule 1925(b) statement. On December 6, 2016, the Gallant Appellants sent a letter to the trial court requesting that the trial court accept their civil docketing statement, which was timely filed with this Court and included the issues on appeal, as their Rule 1925(b) statement. On December 8, 2016, the trial court entered an order finding that the Gallant Appellants had not filed the civil docketing statement with the trial court Prothonotary and denying their request to accept the civil docketing statement as a Rule 1925(b) statement.

On February 27, 2017, the Gallant Appellants filed in this Court a reply brief and an application for remand pursuant to Rule 1925(c)(2), arguing that this Court should not find waiver for failure to file a Rule 1925(b) statement or, in the alternative, we should remand for the filing of a Rule 1925(b) statement *nunc pro tunc*.[1]

Where a trial court directs an appellant to file a Rule 1925(b) statement, the appellant must comply in a timely manner. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). An appellant's failure to comply with a Rule 1925(b) order results in waiver of all issues on appeal. **See id.**; **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b)] [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

_____

[1] In their principal brief, the Gallant Appellants did not address whether they had waived their appellate issues by failing to file a Rule 1925(b) statement. Rather, they raised the following two issues:

> 1. Whether the trial court erred by failing to find that the 1919 reservation of one-half of the oil and gas royalty to the grantors therein constituted an exception of an interest in real property that passed by operation of law to the heirs of the grantors, being all Defendants.

> 2. Whether the trial court erred by failing to find that the exception of one-half of the oil and gas royalties in the 1919 Deed was not subject to any limiting conditions and therefore passed by operation of law to the heirs, successors and assigns of the McVay Heirs, being the Defendants in the underlying action.

Gallant Appellants' Br. at 7 (suggested answers omitted).

The Gallant Appellants argue that waiver should not apply because the trial court's October 7, 2016 order only stated that failure to file a 1925(b) statement "may be considered waiver" and because the order stated that:

> the failure to comply may be considered as a waiver of all objections to the order from which the appeal was taken, including the failure to timely file and serve the statement of record with the Court, **as otherwise required by Pa.R.A.P. 2116**.

Order, 1/7/16 (emphasis added). The Gallant Appellants argue that the trial court's directive was ambiguous because Rule 2116 addresses the requirements for the statement-of-questions-involved section of appellate briefs, not the filing or service requirements.

In **Berg v. Nationwide Mutual Insurance Co., Inc.**, the Pennsylvania Supreme Court concluded that the appellant had not waived his issues for failure to serve a Rule 1925(b) statement on the trial judge "where personal service was attempted by counsel and thwarted by the prothonotary, and where the court's Rule 1925(a) order specified 'filing' and not 'service.'" 6 A.3d 1002, 1004, 1012 (Pa. 2010) (opinion announcing judgment of Court).

Here, the trial court cited an incorrect rule, Rule 2116, in its order. The order, however, required the Gallant Appellants to file a Rule 1925(b) statement within 21 days. The Gallant Appellants did not file the statement within the specified time period and failed even to attempt to comply with the order. Further, that the order stated that failure to file the Rule 1925(b) statement "may" result in waiver, rather than "shall," does not relieve the

Gallant Appellants of Rule 1925(b)'s requirements. Accordingly, we conclude that the Gallant Appellants waived their issues for failing to file a Rule 1925(b) statement.[2]

Further, we deny the Gallant Appellants' motion for remand. Rule 1925(c)(2) provides: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement . . . ." Pa.R.A.P. 1925(c)(2). We conclude that the Gallant Appellants have failed to show good cause for remand. Although there are numerous defendants and counsel was required to communicate with 28 clients, there is no support for the contention that these factors prevented counsel from timely complying with Rule 1925(b).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2017

---

[2] Even if the Gallant Appellants had not waived their issues on appeal, we would conclude their issues lacked merit for the reasons set forth in our memorandum in the related appeal at docket 1542 WDA 16.