J. A30037/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| ALDER RUN, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD E. LUTZ, TRUSTEE, | : | |
| NANCY M. LUTZ, TRUSTEE RHCC, LLC, | : | |
| JAMES A. STRAWSER, | : | |
| LESTER H. STRAWSER, | : | |
| DANIEL D. STRAWSER, | : | |
| EARL T. STRAWSER, | : | |
| PALMER E. STRAWSER, | : | |
| AMOS T. STRAWSER, | : | |
| KEVIN O. STRAWSER, | : | |
| SHANE A. STRAWSER, | : | |
| KEITH A. STRAUSER, | : | |
| ELROY D. STRAUSER, | : | |
| JOSHUA E. STRAUSER, | : | |
| DALE E. GOODLING, | : | |
| ANTHONY L. PORTZLINE, | : | |
| TERRY L. ARNOLD, | : | |
| EDWARD P. VERES, JR., | : | |
| ANN F. VERES, RONALD R. SEILER, | : | |
| DEBORAH L. CARNS, GARETH O. WICK, | : | |
| AND DURVIN Z. WICK | : | |
| | : | No. 797 WDA 2017 |
| APPEAL OF:  RICHARD E. LUTZ, | : | |
| TRUSTEE | : | |

Appeal from the Judgment, May 10, 2017,
in the Court of Common Pleas of Clearfield County
Civil Division at No. 15-309-CD

BEFORE:  BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              FILED JULY 27, 2018

Appellant, Richard E. Lutz, Trustee ("Lutz"), appeals from the May 10,

2017 judgment following the trial court's February 21, 2017 order granting

appellee, Alder Run, LLC ("Alder Run"), an easement by prescription across the respective properties of the defendants in the underlying action.[1] For the following reasons, we find that Lutz has waived all his issues on appeal by failing to file a timely Pa.R.A.P. 1925(b) statement. Accordingly, we affirm the May 10, 2017 judgment.

This matter stems from a longstanding dispute over access to a dirt roadway intersecting parcels of land owned by neighboring property owners in rural Clearfield County, Pennsylvania. (Notes of testimony, 12/12/16 at 60-61.) Lutz placed a gate across the roadway in question where it intersected his property but refused to give Alder Run a key. (Id.) Following a non-jury trial on December 12, 2016, the trial court filed an opinion and entered an order on February 21, 2017, granting Alder Run an easement by prescription across the properties in question "by use of the dirt roadway that is connected to Township Road 727." (Trial court opinion and order, 2/21/17 at 10.) On March 3, 2017, Lutz filed post-trial motions that were denied by opinion and order of the trial court on May 5, 2017. Judgment was subsequently entered by Prothonotary on May 10, 2017.

---

[1] Although Lutz is the only named appellant in this matter, he makes several arguments on behalf of the defendants in the underlying action, James A. Strawser, Lester H. Strawser, Earl T. Strawser, Palmer E. Strawser, Amos T. Strawser, Kevin O. Strawser, Shane A. Strawser, Keith A. Strauser, Elroy D. Strauser, Dale E. Goodling, Anthony L. Portzline, and Terry L. Arnold, whom he collectively refers to as both "Lutz and Strauser" and "Appellants" throughout the duration of his brief.

Instantly, the record reflects that appellant filed a timely notice of appeal on June 1, 2017. That same day, the trial court directed Lutz to file a concise statement of errors complained of on appeal, in accordance with Rule 1925(b), within 21 days. On June 26, 2017, four days after expiration of the 21-day filing period, Lutz filed his Rule 1925(b) statement. A certificate of service indicating that Lutz's Rule 1925(b) statement was served on the trial judge and opposing counsel on June 16, 2017, is attached to his Rule 1925(b) statement, but as noted, this statement was time-stamped as filed on June 26, 2017. Additionally, the record contains no indication that Lutz sought, or that the trial court granted, an extension of time for filing. The trial court, presumably because of Lutz's untimely Rule 1925(b) statement, did not file a Rule 1925(a) opinion addressing the issues presented therein.

This court has long recognized that "[w]henever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner. Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal." Hess v. Fox Rothschild, 925 A.2d 798, 803 (Pa.Super. 2007) (citations omitted; emphasis in original), appeal denied, 945 A.2d 171 (Pa. 2008). Barring extraordinary circumstances, the untimely filing of a Rule 1925 statement in a civil case constitutes waiver of all issues on appeal. See Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 224-225 (Pa.Super. 2014) (appellant's failure to file a

timely concise statement waived all claims on appeal, despite the fact that the trial court accepted the untimely statement and addressed claims in opinion); see also Pa.R.A.P. 1925(b)(3)(iv) (stating, "any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.").

Based on the foregoing, we find all of Lutz's issues waived because of his failure to file a timely Rule 1925(b) statement in accordance with the trial court's June 1, 2017 order.[2]

Judgment affirmed.

---

[2] We recognize that in Berg v. Nationwide Mut. Ins. Co., 6 A.3d 1002 (Pa. 2010), our supreme court indicated that a trial court's Pa.R.A.P. 1925 order should specifically track the language set forth in Subsection (b)(3)(iii) and (iv). However, we find the analysis in Berg, a plurality of our supreme court, non-binding and distinguishable. Justice Todd's rationale in the lead opinion in Berg was joined, at most, by two other justices (Justice McCaffery and Justice Saylor). Two justices (Chief Justice Castille and Justice Eakin) filed separate concurring opinions, specifically not joining in Justice Todd's rationale. One justice (Justice Baer) filed a dissenting opinion, and a seventh justice (former Justice Greenspan) did not participate in the decision. Berg, 6 A.3d at 1012. Moreover, Berg involved consideration of "whether an appellant's failure to personally serve on a trial judge a court-ordered [1925(b) statement], in accordance with Pa.R.A.P. 1925, results in waiver of all issues, where the court's order itself does not comply with Rule 1925.[]" Id. at 1003. Unlike the instant matter, in Berg, personal service of the Rule 1925(b) statement was attempted on the trial judge, but was ultimately thwarted by the prothonotary. Id. at 1008-1011. Here, appellant's Rule 1925(b) statement was served on the Honorable Frederic J. Ammerman, albeit four days past the deadline.

In any event, even if Lutz had not waived his claims on appeal, we would have determined that they lack merit for the reasons set forth in the trial court's comprehensive opinion issued in support of its February 21, 2017 order. (See trial court opinion and order, 2/21/17 at 4-10.)

J. A30037/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/27/2018</u>