J-A23021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERESA HARRIS O'BRIEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO SANTOS, JR. | : | |
| | : | |
| Appellant | : | No. 622 EDA 2020 |

Appeal from the Order Entered January 30, 2020
In the Court of Common Pleas of Northampton County Domestic
Relations at No(s):  No. DR-0113919

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 06, 2020**

Appellant, Francisco Santos, Jr., appeals *pro se* from the trial court's order denying his objection to the registration of a foreign support order and confirming registration.  Because of numerous defects in Appellant's brief, we dismiss the appeal.

The trial court's opinion sets forth the background and procedural history, which is unnecessary for our disposition.  **See** Trial Ct. Op., 4/22/20, at 1-3.  In relevant part, on January 16, 2020, the trial court held a hearing regarding Appellant's objection to the registration of a Virginia child support order.  Appellant appeared at the hearing.  **Id.** at 2; **see also** N.T., 1/16/20, at 2-16.  On January 30, 2020, the trial court entered an order denying

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's opposition to the registration of the support order.[1] The trial court modified its original order to include the registration of the October 27, 2014 Virginia support order.[2] Appellant filed a timely notice of appeal on February 17, 2020.

The trial court ordered Appellant to comply with Pa.R.A.P. 1925(b), and on March 4, 2020, Appellant filed a "statement of complaint," which was docketed as Appellant's statement of errors complained of on appeal.[3] The trial court issued a Rule 1925(a) opinion.

_____

[1] This order is dated January 28, 2020 and was docketed on January 30, 2020. According to the trial court docket, notice of this order was given on January 31, 2020.

[2] This order is dated January 30, 2020. It was docketed and notice was given on that same day.

[3] We note that the trial court concluded that Appellant's statement of complaint was not a Rule 1925(b) statement, and therefore, all of Appellant's issues were waived. Trial Ct. Op. at 3-7. However, the trial court's order did not state that any issues not included in a timely Rule 1925(b) statement shall be deemed waived. Order, 2/18/20. Rule 1925 requires that a trial court's 1925 order shall state "any issue not properly included in the Statement timely filed and served . . . shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv). The appellate courts of the Commonwealth have held that where a trial court's Rule 1925 order does not comply with Pa.R.A.P. 1925(b)(3), an appellant's non-compliance with that order does not result in the waiver of appellant's issues. ***See, e.g., Berg v. Nationwide Mut. Ins. Co., Inc.***, 6 A.3d 1002, 1007-12 (Pa. 2010) (plurality) (declining to find waiver where appellants did not serve their Rule 1925(b) statement on the trial court because the trial court's order stated appellants had to file, not serve, a copy of the statement with the trial court); ***Commonwealth v. Powell***, 228 A.3d 1, 3 (Pa. Super. 2020) (finding the Commonwealth's failure to file a Rule 1925(b) statement did not waive its issues because the trial court's order did not inform the Commonwealth that any issue not included in such a statement will be deemed

Appellant's brief does not contain statement of the case or argument sections. Appellant's Brief at 1-2. Under a section captioned "facts" Appellant lists thirteen allegations of error, but does not discuss the facts of the case. *Id.* Appellant presents additional issues in separate sections captioned "citation" and "questions" respectively. *Id.* at 2. Appellee did not file a brief.

Initially, we note that:

> it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted).[4]

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent,

---

waived). Therefore, we decline to find waiver due to the Appellant's apparent noncompliance with Rule 1925 because the trial court's Rule 1925(b) order itself is deficient. *See Berg*, 6 A.3d at 1007-12; *Powell*, 228 A.3d at 3; Pa.R.A.P. 1925(b)(3)(iv).

[4] "Since the Rules of Appellate Procedure apply to criminal cases and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." *Lineberger v. Wyeth*, 894 A.2d 141, 148 n.4 (Pa. Super. 2006) (citations and quotation marks omitted).

assume that his lack of expertise and legal training will be his undoing. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (citations and quotation marks omitted), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied*, ___ U.S. ____, 140 S. Ct. 1147 (2020).

Here, we have carefully reviewed Appellant's brief and find the defects to be substantial. Appellant fails to develop any of allegations of error by applying relevant principles of law to the facts of this case. **See** Pa.R.A.P. 2119(a). Although we liberally construe Appellant's *pro se* brief, we are barred from acting as his counsel and developing his arguments. ***See Vurimindi***, 200 A.3d at 1037-38; ***Kane***, 10 A.3d at 331. Accordingly, we are constrained to dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/20

- 4 -