J-A27022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIN BOYLE AND STEPHEN BOYLE, PARENTS AND NATURAL GUARDIANS OF BB, A MINOR, AND IN THEIR OWN RIGHT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 728 EDA 2021 |
| MAIN LINE HEALTH, INC., MAIN LINE HOSPITALS, INC.,  MAIN LINE HEALTHCARE, AND SCOTT BAILEY, MD | : : : : | |

Appeal from the Order Entered March 16, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2019-15082

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

DISSENTING STATEMENT BY DUBOW, J.:          **FILED JANUARY 10, 2022**

Although I agree with the Majority's analysis of the psychiatrist-patient privilege, I respectfully dissent because the Majority Opinion fails to follow the holding in ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222 (Pa. Super. 2014) (*en banc*), that a party who files an untimely Pa.R.A.P. 1925(b) statement has waived all issues raised on appeal.  ***Id.*** at 227.  In this case, it is undisputed that Appellants filed an untimely Rule 1925(b) statement, and thus, I would find that Appellants waived the issues raised on appeal and affirm the decision of the trial court.

In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), the Supreme Court created the bright-line rule that any issue not raised in a Rule 1925(b) statement is waived. **Id.** at 420. **See also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the "bright-line rule first set forth in **Lord**" and holding that an untimely Rule 1925(b) statement results in waiver of all issues on appeal). Applying this principle, the *en banc* panel of this Court in **Presque Isle** concluded that "it is no longer within this Court's discretion to ignore the internal deficiencies of 1925(b) statements" and held that a party who files an untimely 1925(b) statement has waived all issues on appeal. 88 A.3d at 224, 227.[1]

In this case, the Majority Opinion excuses Appellant's untimely Rule 1925(b) statement on the grounds that the trial court's Rule 1925 Order was defective because the trial court failed to designate "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement as required by Subsection (b)(3)(iii)." **See** Majority Op. at 11 (internal quotation marks omitted). To support its newly created exception to the timeliness requirement, the Majority relies on **Rahn v. Consol. Rail. Corp.**, 254 A.3d 738 (Pa. Super. 2021), and **Berg v. Nationwide Mut. Ins. Co., Inc.**, 6 A.3d 1002 (Pa. 2010) (plurality). Those cases, however, are inapposite because they do not involve an appellant who

---

[1] The *en banc* panel added that this rule only applied when the prothonotary properly served the appellant with the Rule 1925 Order. In this case, it is undisputed that the prothonotary properly served Appellants with the Rule 1925 Order.

filed an untimely Rule 1925(b) statement; rather, they involve appellants who did not properly serve the trial judge with a copy of the statement.

In **Rahn**, the appellant timely filed his Rule 1925(b) statement in the lower court. He did not, however, simultaneously serve it on the trial judge. This Court excused the appellant's imperfect service because the courts' Rule 1925 order "did not specifically instruct [the appellant] to serve the trial judge with his 1925(b) statement and did not contain certain information required by Pa.R.A.P. 1925(b)(3)(iii). **Rahn**, 254 A.3d at 744. We, thus, overlooked appellant's improper service because the trial court's Rule 1925 order did not strictly comply with Rule 1925(b)(3)(iii). Timeliness was not an issue in **Rahn**.

Similarly, in **Berg**, the appellants timely filed their court-ordered Rule 1925(b) statement but did not serve a copy on the trial judge. 6 A.3d at 1004. The Supreme Court, applying the equitable doctrine of substantial compliance, excused the appellants' failure to serve the trial judge with a copy of their Rule 1925(b) statement because appellants' efforts "substantially complied with the court's order to file with the [c]ourt and a copy with the trial judge their 1925(b) Statement." **Id.** at 1008, 1010. The Supreme Court also declined to find waiver because the trial court's order did not instruct appellants to serve a copy of their Rule 1925(b) statement on the trial judge and was, thereby, inconsistent with Rule 1925(b)(3)(iii). **Id.** at 1010-12. Timeliness was not at issue in **Berg**.

Since these cases do not address an untimely Rule 1925(b) statement, they do not support the Majority's holding that a Rule 1925 Order that does

not correctly inform the parties about the method and place of service of the Rule 1925(b) statement on the trial judge excuses an untimely Rule 1925(b) statement.  Rather, the holding in **Presque Isle** controls this case.  I am, therefore, constrained, to dissent and find that Appellants failed to preserve their issues on appeal.