J-A03036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK E. MCFADDEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| 403 GORDON DRIVE, LLC AND PENN | : | No. 154 EDA 2021 |
| FOUNDATION | : | |

Appeal from the Order Entered December 7, 2020
In the Court of Common Pleas of Chester County Civil Division at No(s):
No. 2020-05835-ML

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

CONCURRING MEMORANDUM BY DUBOW, J.:  **FILED FEBRUARY 28, 2022**

Although I agree with the Majority's conclusion to affirm, I would do so on other grounds. Pursuant to the holding in ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 227 (Pa. Super. 2014) (*en banc*), a party who files an untimely Pa.R.A.P. 1925(b) statement has waived all issues raised on appeal. In the instant case, Appellant untimely filed his Rule 1925(b) Statement[1] and, thus, I would find that Appellant waived the issues raised on appeal and affirm the decision of the trial court on that basis.

In ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court created the bright-line rule that any issue not raised in a Rule 1925(b) statement is waived. ***Id.*** at 420. ***See also Commonwealth v.***

---

[1] As explained in the Majority Opinion, Appellant's Rule 1925(b) statement was due no later than January 29, 2021. **See** Majority Op. at 11. Appellant filed his Rule 1925(b) statement on January 30, 2021, making it untimely. ***Id.***

*Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the "bright-line rule first set forth in *Lord*" and holding that an untimely Rule 1925(b) statement results in waiver of all issues on appeal). Applying this principle, the *en banc* panel of this Court in *Presque Isle*, 88 A.3d at 224, 227, concluded that "it is no longer within this Court's discretion to ignore the internal deficiencies of 1925(b) statements" and held that a party who files an untimely 1925(b) statement has waived all issues on appeal.[2]

In this case, the Majority Opinion excuses Appellant's untimely Rule 1925(b) Statement on the grounds that the trial court's Rule 1925 Order was defective because the trial court failed to designate "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement as required by Subsection (b)(3)(iii)." Majority Op. at 12 (internal quotation marks omitted). In support, the Majority cites *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1008 (Pa. 2010) (plurality), in which our Supreme Court excused the appellants' failure to serve a copy of its **timely-filed** Rule 1925(b) statement on the trial judge because, *inter alia*, the trial court's order did not instruct appellants to serve a copy of their Rule 1925(b) statement on the trial judge and was, thereby, inconsistent with Rule 1925(b)(3)(iii). *Id.* at 1010-12. Importantly, timeliness was not at issue in *Berg*.

---

[2] The *en banc* panel added that this rule only applied when the prothonotary properly served the appellant with the Rule 1925 order. In this case, the docket reflects that the prothonotary served Appellant with the court's Rule 1925 Order, and Appellant makes no argument to the contrary.

Since **Berg** does not address an untimely Rule 1925(b) statement, it does not support the Majority's holding that a Rule 1925 order that does not correctly inform the parties about the method and place of service of the Rule 1925(b) statement on the trial judge excuses an untimely Rule 1925(b) statement. Moreover, it does not follow that a court's Rule 1925 order—which is only deficient in its failure to indicate the address at which an appellant can serve his or her Rule 1925(b) statement, and where the appellant makes no allegation that the deficiency affected his or her ability to timely file the statement—should be wholly vitiated to forgive an appellant's untimely filing of a Rule 1925(b) statement. Rather, the holding in **Presque Isle** controls this case and commands that we find Appellant's issues waived.