# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Martinez,

        Appellant

    v.

Ty Smith

: **CASES CONSOLIDATED**
:
:
:
: No. 724 C.D. 2024
: Trial Court Docket No. 5008 of 2023
:

Justin Martinez,

        Appellant

    v.

Pennsylvania State Police Department

:
:
:
:
: No. 725 C.D. 2024
: Trial Court Docket No. 5014 of 2023
:

Justin Martinez,

        Appellant

    v.

Judson Shephard

:
:
:
:
: No. 727 C.D. 2024
: Trial Court Docket No. 5009 of 2023
:

Justin Martinez,

        Appellant

    v.

Stephine Smith

:
:
:
:
: No. 728 C.D. 2024
: Trial Court Docket No. 5013 of 2023
:

Justin Martinez,

        Appellant

    v.

Pennsylvania State Police Department

:
:
:
:
: No. 729 C.D. 2024
: Trial Court Docket No. 5011 of 2023
:

Justin Martinez, : 
        Appellant : 
         : 
        v. : No. 730 C.D. 2024
         : Trial Court Docket No. 5012 of 2023
Judson Shephard : 

Justin Martinez, : 
        Appellant : 
         : 
        v. : No. 732 C.D. 2024
         : Trial Court Docket No. 5010 of 2023
Ty Smith : 

Justin Martinez, : 
        Appellant : 
         : 
        v. : No. 733 C.D. 2024
         : Trial Court Docket No. 5015 of 2023
Stephine Smith : 

Justin Martinez, : 
        Appellant : 
         : 
        v. : No. 734 C.D. 2024
         : Trial Court Docket No. 5016 of 2023
Stephine Smith : Submitted: November 6, 2025

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                               FILED: March 31, 2026

Justin Martinez (Martinez), who represented himself in the proceedings below and continues to represent himself in this Court, appeals from the January 11, 2024 order (Order) of the Court of Common Pleas of Westmoreland County (trial court),

which dismissed nine civil complaints (Complaints) Martinez filed as frivolous and duplicative pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1). The trial court asserts Martinez has waived all issues on appeal by failing to file a Concise Statement of Errors Complained of on Appeal (Concise Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b)). After review, we affirm the trial court's Order.

## BACKGROUND

In 2019, the Pennsylvania State Police (PSP) arrested Martinez for an incident that occurred at a PSP barracks. Trial Ct. Order, 1/11/24, at 3. In August 2022, the trial court held a jury trial, and a jury found Martinez guilty of disorderly conduct. *Id*. Martinez appealed to the Pennsylvania Superior Court, which affirmed his judgment of sentence in March 2024. *See Commonwealth v. Martinez*, (Pa. Super., Nos. 600 & 601 WDA 2023, filed March 4, 2024), slip op. at 1.

Meanwhile, in December 2023, Martinez filed his Complaints in the trial court against four defendants, including PSP, PSP Trooper Judson Shephard, PSP Trooper Stephine Smith, and PSP Trooper Ty Smith, related to the interactions between the troopers and Martinez during his 2019 arrest, as well as their subsequent testimony about the incident. Trial Ct. Order, 1/11/24, at 3. Along with his Complaints, Martinez also filed petitions to proceed *in forma pauperis* (IFP Petitions). *Id*. The trial court held a hearing on Martinez's IFP Petitions on December 29, 2023.

At the hearing, Martinez provided the trial court with information regarding his financial situation. *See generally* Original Record (O.R.), Notes of Testimony (N.T.), 1/29/23. Martinez also argued his Complaints "articulate or state the same thing in conjunction and in unison to other things, which is conspiracy against [his] rights." *Id*. at 8. He stated his Complaints, as well as additional complaints not at

3

issue before this Court, which he alleged totaled 45 active lawsuits, "argue that all these government employees, officials, entities are involved in a very specific, very noted, and very recorded conspiracy." *Id*. at 9.

Following the hearing, the trial court issued its Order, in which it found Martinez was without sufficient financial resources to pay for the fees and costs associated with his actions. Trial Ct. Order, 1/11/24, at 4. However, the trial court found Martinez's underlying Complaints frivolous under Pennsylvania Rule of Civil Procedure 240(j)(1). Pa.R.Civ.P. 240(j)(1). Specifically, the trial court noted Martinez named the same four defendants, PSP and the troopers, as defendants in previous actions he filed, alleging harassment, discrimination, retaliation, misconduct, endangering the welfare of children, conspiracy, and violations of his free speech rights, and seeking damages in the amount of $1,172,019.00. *Id*. The trial court explained it sustained preliminary objections dismissing those claims, and the new Complaints represented "merely the same causes of action." *Id*. The trial court noted Martinez could not "file the same action over and over again," and because the actions had "already been disposed of, . . . no valid cause of action exist[ed]." *Id*. at 5.

On January 1, 2024, Martinez filed his Notice of Appeal of the trial court's Order. On April 4, 2024, the trial court issued an order (1925(b) Order) providing as follows:

> [I]t is hereby ORDERED, ADJUDGED AND DECREED that, within twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of Matters Complained of on Appeal regarding that order. The Statement shall be served on the court in person or by first class mail at:

4

Court Administration
2 North Main Street
Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P. 1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant to subdivisions (b) shall be deemed waived.

1925(b) Order, at 3. In the trial court's Opinion Pursuant to Pa.R.A.P. 1925(a) (1925(a) Opinion), the trial court noted Martinez failed to file a Concise Statement in compliance with the trial court's 1925(b) Order. 1925(a) Op. at 3. The trial court indicated while Martinez did not *file* a Concise Statement, he provided the trial court with a document entitled "Plaintiff Response to Court Order dated 1st of April 2024; Concise Statement of Matters Complained of on Appeal."[1] *Id*. at 4. However, the trial court explained it was unable to ascertain the allegations of error from the document because the document "included a motion for recusal, ramblings about other cases, and pages of complaints of the alleged bias of [the trial judge] because she ruled against him," and the document did not identify or explain the alleged errors. *Id*. at 5. The trial court asserts Martinez's failure to *file* his Concise Statement in compliance with its 1925(b) Order has resulted in waiver of all issues on appeal.

## DISCUSSION

Before we can consider the merits of Martinez's appeal, we must first address the trial court's assertion that Martinez has waived all issues by his failure to timely file his Concise Statement. Rule 1925(b), Pa.R.A.P. 1925(b), sets forth the requirements for a Concise Statement. Rule 1925(b) expressly provides, in relevant part, the following:

---

[1] Because Martinez did not file his Concise Statement of record, the Concise Statement the trial court refers to is not part of the record and, therefore, not available to this Court to review.

**(b) Direction to File Statement of Errors Complained of on Appeal; Instructions to the Appellant and the Trial Court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and Service.* The appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

(ii) If a party has ordered but not received a transcript necessary to develop the Statement, that party may request an extension of the deadline to file the Statement until 21 days following the date of entry on the docket of the transcript in accordance with Pa.R.A.P. 1922(b). The party must attach the transcript purchase order to the motion for the extension. If the motion is filed at least

five days before the Statement is due but the trial court does not rule on the motion prior to the original due date, the motion will be deemed to have been granted.

(3) *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) *Requirements; waiver.*

(i) The Statement shall set forth only those errors that the appellant intends to assert.

(ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge. The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.

(iii) The judge shall not require any party to file a brief, memorandum of law, or response as part of or in conjunction with the Statement.

(iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous

issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

. . . .

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b).

The Pennsylvania Supreme Court has held that failure to file a timely Concise Statement, when directed to do so by the trial court, results in automatic waiver of all issues on appeal. *See Com. v. Castillo*, 888 A.2d 775 (Pa. 2005); *Com. v. Schofield*, 888 A.2d 771 (Pa. 2005); *Com. v. Lord*, 719 A.2d 306 (Pa. 1998). To determine whether a party has waived issues on appeal based on non-compliance with Rule 1925(b), we look to the language of a trial court's order because it is that order which triggers a party's obligation under the rule. *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1008 (Pa. 2010). Where a trial court's order is consistent with the requirements of Rule 1925(b)(3), Rule 1925(b)'s waiver provisions apply. *Id*. at 357.

Here, the trial court's 1925(b) Order directed Martinez to file of record and serve the trial judge with his Concise Statement within 21 days or else his claims would be waived. The trial court's 1925(b) Order properly directed Martinez to file his Concise Statement in compliance with Rule 1925(b). Martinez failed to comply with the trial court's 1925(b) Order and Rule 1925(b), which results in automatic waiver of his claims.[2]

---

[2] While we recognize Martinez proceeded in this matter unrepresented, under Pennsylvania law, unrepresented, often referred to as "*pro se*," litigants are subject to the same rules of procedure as represented litigants. *Com. v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). Although we liberally construe materials filed by *pro se* litigants, *pro se* status confers no special benefit upon a litigant regarding compliance with procedural rules. *Id*.

8

This Court cannot overlook Martinez's failure to file his Concise Statement of record merely because he provided a copy to the trial court. In *Schofield*, the trial court ordered a defendant to file a Concise Statement. 888 A.2d at 773. In her brief to the Supreme Court, the defendant claimed she filed a *pro se* Concise Statement and included a document with that title as an exhibit to her brief. *Id*. However, the Supreme Court noted the document did "not have a time stamp from the prothonotary of the lower court and [was] not included in the certified record." *Id*. The Supreme Court acknowledged the trial judge's Pa.R.A.P. 1925(a) Opinion indicated receipt of the defendant's *pro se* Concise Statement and addressed the issues raised therein, but the trial judge's opinion was silent as to whether the Concise Statement was provided within the time constraints of Rule 1925(b). *Id*. at 773-74. The Supreme Court explained:

> On appeal, the Superior Court, in an unpublished decision, affirmed the judgment of the sentence after concluding that [the defendant] had waived all issues by failing to comply with Pa.R.A.P. 1925(b)'s requirement that the appellant timely file the statement "of record in the lower court" as well as serve it on the trial judge. Judge Klein filed a vigorous dissent asserting that the purpose of *Lord* and [*Commonwealth v.* ]*Butler*[, 812 A.2d 631 (Pa. 2002)] had been satisfied because the trial judge had been informed of the issues the [defendant] planned to raise and had filed an opinion from which the Superior Court could conduct meaningful review, despite the *pro se* defendant's failure to file the statement with the clerk of the court.

> . . . .

> While we acknowledge the equitable appeal of granting relief in this case, we reassert our holding in *Lord*, *Butler*, and now, *Castillo*, that **failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.** Specifically, Pa.R.A.P. 1925(b) requires that an appellant "file of record in the lower court and serve on the trial judge a concise statement of matters complained of on the appeal no later than 14 days

after entry"[3] of an order requesting the statement. As discussed in the companion case, *Castillo*, the requirement of strict compliance with Pa.R.A.P. 1925(b) guarantees a trial judge's ability to focus on the issues raised by the appellant, and thereby, allows for meaningful and effective appellate review. Moreover, a bright-line rule eliminates the potential for the inconsistent results that existed prior to *Lord*, when trial courts and appellate courts had discretion to address or to waive issues raised in non-compliant 1925(b) statements. As is evidenced by this case, non-compliance creates substantial problems on appeal, where the lack of filing results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period.

*Id*. at 774-75 (emphasis added). Thus, it is of no moment that Martinez provided a copy of a Concise Statement to the trial judge. It is his failure to file his Concise Statement with the trial court that results in waiver.

## CONCLUSION

Accordingly, because Martinez failed to file his Concise Statement of record in compliance with the trial court's 1925(b) Order and Rule 1925(b), this Court is constrained to conclude he has waived all issues on appeal. Therefore, the trial court's Order is affirmed.[4]

---

[3] In 2007, Rule 1925(b) was amended to allow an appellant 21 days for compliance. Pa.R.A.P. 1925(b)(2)(i).

[4] In light of our disposition, we will dismiss Martinez's pending applications for relief requesting status updates as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Justin Martinez, | : | **CASES CONSOLIDATED** |
| Appellant | : | |
| | : | |
| v. | : | No. 724 C.D. 2024 |
| | : | Trial Court Docket No. 5008 of 2023 |
| Ty Smith | : | |
| | | |
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 725 C.D. 2024 |
| | : | Trial Court Docket No. 5014 of 2023 |
| Pennsylvania State Police Department | : | |
| | | |
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 727 C.D. 2024 |
| | : | Trial Court Docket No. 5009 of 2023 |
| Judson Shephard | : | |
| | | |
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 728 C.D. 2024 |
| | : | Trial Court Docket No. 5013 of 2023 |
| Stephine Smith | : | |
| | | |
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 729 C.D. 2024 |
| | : | Trial Court Docket No. 5011 of 2023 |
| Pennsylvania State Police Department | : | |

| | | |
|---|---|---|
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 730 C.D. 2024 |
| | : | Trial Court Docket No. 5012 of 2023 |
| Judson Shephard | : | |

| | | |
|---|---|---|
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 732 C.D. 2024 |
| | : | Trial Court Docket No. 5010 of 2023 |
| Ty Smith | : | |

| | | |
|---|---|---|
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 733 C.D. 2024 |
| | : | Trial Court Docket No. 5015 of 2023 |
| Stephine Smith | : | |

| | | |
|---|---|---|
| Justin Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 734 C.D. 2024 |
| | : | Trial Court Docket No. 5016 of 2023 |
| Stephine Smith | : | |

**PER CURIAM**        **O R D E R**

**AND NOW**, this 31st day of March 2026, the Court of Common Pleas of Westmoreland County's January 11, 2024 order is **AFFIRMED**.

Additionally, Justin Martinez's Application for Relief entitled "Motions By Appellant Motion for Defendant Contact Information / Notice of Appearance, Motion for Status Update on All Appellant Cases before this Court" filed on

November 12, 2025, and his Application for Relief entitled "Reminder of Motions By Appellant / Court Order Granting Motions, in part Motion for Defendant Contact Information / Notice of Appearance, Motion for Status Update on All Appellant Cases before this Court, Motion for Extension of Time, Motion for recognition of Appellant / Defendant Compliance with respect to Mail / Court Order Etc" filed on January 8, 2026, are **DISMISSED** as moot.