J-A15026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER SCOTT YOUST | : | |
| | : | |
| Appellant | : | No. 1403 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 10, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004532-2023

BEFORE: KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY LANE, J.: **FILED JUNE 22, 2026**

Christopher Scott Youst ("Youst") appeals *pro se* from the judgment of sentence imposed following his convictions for false identification to a law enforcement officer, driving while operating privileges suspended or revoked, and driving a vehicle without operable rear lights.[1] We dismiss the appeal.

Given our disposition, a detailed recitation of the factual and procedural history of this matter is unnecessary. Instead, we briefly note that the record reflects the following. In 2023, a police officer observed Youst driving a vehicle with an inoperable rear brake light and initiated a traffic stop. Youst told the officer that he did not have his driver's license or any identifying documents with him, and repeatedly informed the officer that his name was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 4914(a); 75. Pa.C.S.A. §§ 1543(a), 4303(b).

Karlim Brown.  Police investigation revealed that his true identity was Youst, and that his driver's license had been suspended or revoked.  As a result, the Commonwealth charged Youst with the above offenses.  Following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), Youst elected to proceed *pro se* in the underlying proceedings, and the trial court appointed stand-by counsel.  The matter proceeded to a jury trial on March 21, 2025, at the conclusion of which the jury found Youst guilty of the above offenses.  On September 10, 2025, the trial court sentenced Youst to time served to twelve months in prison.  Youst filed a timely notice of appeal.

The trial court ordered Youst to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, and to serve a copy of the concise statement on the trial court.  Youst filed a concise statement beyond the twenty-one day period.  Youst did not serve a copy of the concise statement on the trial court judge.  The trial court then authored a Rule 1925(a) opinion in which it concluded that all of Youst's issues were waived based on his failure to comply with the terms of the Rule 1925(b) order.

In this Court, Youst has filed an appellant's brief wherein the raises the following two issues for our review: (1) "Did Trooper Barry conduct an unlawful traffic stop;" and (2) "Was the evidence presented by the Commonwealth sufficient to sustain a conviction for false identification to law enforcement authorities."  Youst's Brief at 1.

- 2 -

Initially we must address the timeliness of Youst's concise statement. In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court created the bright-line rule that any issue not raised in a Rule 1925(b) statement is waived. **See id**. at 309; **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the "bright-line rule first set forth in **Lord**" and holding that an untimely Rule 1925(b) statement results in waiver of all issues on appeal).

However, in determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule. **See Berg v. Nationwide Mut. Ins. Co.**, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). Therefore, we look first to the language of that order. **See id**.

Pertinently, Rule 1925(b)(3) provides that:

[t]he judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and **both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement**. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement **timely filed and served pursuant to subdivision (b)** shall be deemed waived.

- 3 -

Pa.R.A.P. 1925(b)(3) (emphasis added). Where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), the waiver provisions of subsection (b)(4)(vii) do not apply. *See Berg*, 6 A.3d at 1011.

Here, the trial court's Rule 1925(b) order stated:

**AND NOW**, this 17th day of November, 2025, a notice of appeal having been filed in the Superior Court of Pennsylvania, it is hereby ordered that within twenty-one (21) days of this order's entry on the docket, appellant shall file of record, and serve this judge, with a concise statement of the errors complained of on appeal.. Any issue not properly included in the Statement timely filed and served pursuant to [Rule] 1925(b) shall be deemed waived.

Within twenty (20) days of service of appellant's statement of errors complained of on appeal, the Commonwealth shall file an answer thereto.

Rule 1925(b) Order, 11/17/25.

Our review of the Rule 1925(b) order reflects that it failed to appraise Youst of "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii). Thus, due to these deficiencies in the Rule 1925(b) order, we decline to find waiver of Youst's issues based on his failure to timely file and serve a copy of the concise statement on the trial court judge. *See Berg*, 6 A.3d at 1011.

However, although we decline to find waiver of the issues raised in the concise statement based on the untimely filing and lack of service of the concise statement, we cannot overlook the disparity between the issues raised

- 4 -

in the concise statement and the issues raised in Youst's appellate brief. As explained above, issues not raised in the concise statement are waived. ***See Lord***, 719 A.2d at 309. Here, although Youst raised a sufficiency challenge in his concise statement with respect to his conviction for false identification to a law enforcement officer,[2] he did not raise therein any claim pertaining to the lawfulness of the traffic stop. Thus, as Youst did not raise this additional issue identified in his appellant's brief (*i.e.*, "Did Trooper Barry conduct an unlawful traffic stop") in his concise statement, it is waived. ***See id***.

Lastly, before we may consider the merits of Youst sole preserved issue on appeal, regarding the sufficiency of the evidence supporting his conviction for false identification to a law enforcement officer, we must address the significant deficiencies in his brief. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defects in the brief are substantial. ***See Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.

---

[2] We further note that, in order to preserve a sufficiency challenge for appellate review, the appellant must identify in the concise statement the specific element or elements for each crime that the Commonwealth allegedly failed to prove at trial. ***See Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020). Where the appellant fails to specify in the concise statement the particular elements that allegedly went unproven, the sufficiency claim is waived. ***See id***. Here, in his concise statement, Youst failed to specify the element or elements of false identification to a law enforcement officer that the Commonwealth allegedly failed to prove. ***See*** Concise Statement, 1/6/26, at unnumbered 2. Thus, we could have found waiver of his sufficiency challenge on this basis.

Super. 2017); *see also* Pa.R.A.P. 2101 (providing that, if the appellant's brief fails to conform with the rules of appellate procedure in all material respects, the appeal may be quashed or dismissed).

Pa.R.A.P. 2111(a) provides that the brief of the appellant shall consist of, *inter alia*, the following matters, separately and distinctly entitled:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

* * * *

(5) Statement of the case.

(6) Summary of argument.

* * * *

(8) Argument for appellant.

Pa.R.A.P. 2111(a). The appellant must also append to the brief a copy of the concise statement. *See* Pa.R.A.P. 2111(d).

Here, Youst's *pro se* appellate brief does not comply with the mandates of Rule 2111(a) by including these required sections. His brief does not include a statement of jurisdiction. *See* Pa.R.A.P. 2111(a)(1); *see also* Pa.R.A.P. 2114 (requiring the statement of jurisdiction to "contain a precise citation to the statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order or other determination in question"). The brief does not identify the order or other

determination that Youst seeks to challenge.  *See* Pa.R.A.P. 2111(a)(2); *see also* Pa.R.A.P. 2115 (providing that "the text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed shall be set forth verbatim immediately following the statement of jurisdiction").  The brief does not provide either the scope of review or the standard of review that this Court must apply in relation to a sufficiency challenge.  *See* Pa.R.A.P. 2111(a)(3).  The brief does not include a statement of the case, including: a statement of the form of action; a brief procedural history of the case; or a closely condensed chronological statement of all the facts which are necessary to be known to determine the point in controversy, with appropriate references to the places in the record where the evidence substantiating the fact relied upon may be found.  *See* Pa.R.A.P. 2111(a)(5); *see also* Pa.R.A.P. 2117.  The brief does not include a summary of the argument, providing a concise, but accurate, summary of the arguments presented in support of the issues raised.  *See* Pa.R.A.P. 2111(a)(6); *see also* Pa.R.A.P. 2118.  Youst also failed to append to his brief a copy of the concise statement.  *See* Pa.R.A.P. 2111(d).

With respect to the argument section of Youst's brief, this Court has explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.  Citations to authorities must articulate the principles for which they are cited.

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted); *see also* Pa.R.A.P. 2119(a) (stating that the argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority).

In his brief, Youst does not designate any section as the "argument" section of his brief. Rather, nearly the entirety of his brief consists of rambling, stream of conscious references to testimony without providing this Court with any context to understand any point that he may be attempting to make. While Youst makes legal assertions, he does not cite to supporting legal authority for those assertions. Indeed, throughout his entire brief, Youst does not cite to any case law, let alone a case involving a challenge to the sufficiency of the evidence.

In sum, Youst's arguments are underdeveloped and lack meaningful legal analysis. He has not provided this Court with any pertinent legal discussion regarding his sufficiency challenge. He does not identify the elements of the crime of false identification to a law enforcement officer, nor are we able to discern what element or elements of this crime the Commonwealth allegedly did not prove at trial. Given Youst's briefing deficiencies and incomprehensible argument, we are unable to discern, let

alone meaningfully review, any claim that he is attempting to assert on appeal.

As such, we are constrained to dismiss the appeal.[3]

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/22/2026

---

[3] We are mindful that Youst is proceeding *pro se*. However, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Id**. Thus, "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant . . . a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed." **Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014).